various steps, including the legal instruments, which have resulted in vesting in the plaintiff, according to the plaintiff's claim, the title to this contract, and the right to enforce it. It is not clear that all the instruments annexed to the complaint are material, but, in view of the somewhat unusual method by which it is claimed that this contract became vested in the plaintiff, I think it was safer for the plaintiff to set out these agreements and proceedings by which it is claimed the transfer of the contract was affected. Nor do I think that the complaint is so indefinite and uncertain as to require it to be amended as asked for in the notice of motion. The notice of motion does not specify any particular clauses of the complaint which are indefinite or uncertain, but asks generally to require the plaintiff to show clearly what the plaintiff intends to claim in relation to the performance of the contract or its modification as alleged. The plaintiff has set forth the facts, and it is entitled to claim upon the trial any legal inference that arises therefrom; and it seems to me that the complaint was sufficiently definite to enable the defendant to ascertain just what the plaintiff claimed as to the modification of the contract and its performance by the American Company, its subsidiary companies, and the plaintiff, after the contract became vested in it.

Upon the whole, in view of the rather unusual conditions that exist, I think that this complaint is not subject to the criticism that is made by counsel for the defendant, and that the court correctly disposed of the motion.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements.

O'BRIEN, McLAUGHLIN, and HATCH, JJ., concur.

VAN BRUNT, P. J. I think the evidence pleaded should be stricken out. I therefore dissent.

(100 App. Div. 349)

POPE MFG. CO. v. RUBBER GOODS MFG. CO.

(Supreme Court, Appellate Division, First Department. January 20, 1905.)

1. PLEADING—REPLY—REDUNDANT MATTER.

Where, on a motion to strike out portions of a reply as redundant, etc., it was not claimed that the matter was immaterial to the issue, but only that it was redundant, in that it was reiterated in several places, and it was not shown wherein and how defendant would be prejudiced, the motion was properly denied.

2. SAME—INCONSISTENT AVERMENTS.

Where a reply to a counterclaim contained a large number of paragraphs, in which plaintiff reiterated the allegations and denials contained in certain numbered paragraphs of its reply, and admitted the allegations contained in the paragraphs of the answer designated by a large number of numerals referring to the paragraphs, and denied each and every allegation contained in a large number of other numbered paragraphs, etc., and a motion to strike referred to 38 separately numbered paragraphs of the reply, followed by other specifications of paragraphs and articles, covering four pages, in which the moving party used the alphabet from "A" to "H" for the purpose of division, etc., in

violation of Code Civ. Proc. §§ 500, 514, declaring that an answer must contain a denial of each material allegation of the complaint controverted by the defendant, etc., the court would not spell out the lines in the paragraphs, and associate them with the complaint and reply, in order to determine the alleged inconsistency.

3. SAME.

Where, in an action on a contract, plaintiff alleged performance, except as to certain particulars, as to which it claimed the contract had been modified, etc., alleged inconsistent averments in the reply, in which it was claimed plaintiff admitted noncompliance with certain other stipulations of the contract, were immaterial; plaintiff being bound, in the absence of amendment, to establish the cause of action pleaded in the complaint.

Appeal from Special Term, New York County.

Action by the Pope Manufacturing Company against the Rubber Goods Manufacturing Company. From an order denying a motion to strike out certain portions of a reply to defendant's counterclaim, it appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Nathan Ottinger, for appellant.

Lewis H. Freedman, for respondent.

HATCH, J. The motion to strike out the pleading upon the ground that it is redundant and irrelevant was properly denied. So far as we are able to gather from an examination of the pleadings in this case, it may be that there is a reiteration of averment in several instances, but we do not understand that the matter claimed to be redundant and irrelevant is in fact immaterial to the issue. The only objection is its reiteration. It is not pointed out wherein or how the defendant will be prejudiced in its defense by permitting this matter to remain, and we are not at all certain from the method adopted in pleading that the matter is redundant or irrelevant. Under such circumstances the court is not justified in striking it out. Dinkelspiel v. New York Evening Journal Pub. Co., 91 App. Div. 96, 86 N. Y. Supp. 375. It is claimed that other matter stated in the reply to the defendant's counterclaims is inconsistent with the averments of the complaint. These averments are referred to in Pope Mfg. Co. v. Rubber Goods Mfg. Company, 91 N. Y. Supp. 826, in the opinion delivered upon the motion made to strike out certain allegations of the complaint, not yet officially reported, and therefore need not be reiterated here. The basis of the claim of inconsistency arises out of the fact that plaintiff avers as the basis of its cause of action the performance of the contract forming a part thereof, except in certain several respects, where modifications have been agreed upon or conditions have been waived, all of which are averred in the complaint. The claim of the appellant is that the counterclaim mentioned in its answer sets up certain other matters in which it is claimed the contract has not been performed, and by reason of such nonperformance it claims to have been damaged, and the extent of the damage it seeks to counterclaim. In the reply served to the counterclaims, it is claimed that in these respects the contract was modified by agreement between

the parties, or performance of the condition was waived, and that, as these are additional modifications, they are inconsistent with the averments of the complaint, for the reason that they constitute claimed additional modifications not specified in the complaint, and that, as it averred performance, save for the modifications and waivers specified therein, it is therefore inconsistent.   An argument has been made upon the part of the appellant which tends to establish his contention in this regard, and upon the part of the respondent an argument is made from which it is easily deduced that in fact no inconsistency in this regard exists.   In the settlement and determination of these questions, we have been presented with a record as confusing as ingenuity could devise, and from which it is only possible to spell out particular averments by dividing paragraphs, counting lines, and keeping track of an innumerable number of numerals.   The notice of motion states that the portions of plaintiff's reply which are asked to be stricken out are paragraphs or articles designated "14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 29, 30, 31, 32, 33, 34, 35, 36, 41, 42, 43, 44, 45, 46, 47, 48, 53, 54, 55, 56, 57, 58, 59, 60, 70, 71, 74, 75." Then follow various other specifications of paragraphs and articles, covering four pages, wherein the moving party exhausted the alphabet, for purposes of division, from "A" to "H," inclusive.   As a specimen of pleading the reply to the fourth counterclaim, which has been attacked as inconsistent, we find:

"49. Plaintiff reiterates the allegations and denials contained in paragraphs 1, 5, 6, 7, 8, 9, 10 and 11 of this reply," etc. "50. It admits the allegations contained in the articles or paragraphs of the answer designated as (32), (47), (48), (103), (104), (105), (106), (107) and (109)." "51. It denies each and every allegation contained in the articles or paragraphs of the answer designated as (14), (20), (21), (25), (26), (27), (28), (30), (136), and (138)."

Several others are enumerated in paragraph 52.

In the second reply to this counterclaim are reiterated nine different numbered paragraphs; in the third reply, 10 different numbered paragraphs; in the fourth reply, 11 different numbered paragraphs; in the fifth reply, 12 different numbered paragraphs.   And the paragraphs of the combined replies run from 1 to 75, inclusive. We are asked upon this appeal to strike out "paragraphs 9, 10, 13, 15, 17, 19, 21, 23, 30, 32, 34, 36, 42, 44, 46, 48, 54, 56, 58, 60, 75, and the portion as indicated of paragraphs 71, 12, 24, 26, 37, 39, 49, 51, 61, and 63."   We are assured by counsel that this method of pleading was acquiesced in by stipulation, but this is one of the cases where the court seems to be an essential element to its validity. The pleading is utterly violative of the provisions of sections 500 and 514 of the Code of Civil Procedure, which require that the matter averred be set forth in ordinary and concise language, without repetition.   Barton v. Griffin, 36 App. Div. 572, 55 N. Y. Supp. 477. The language of Judge Danforth in Baylis v. Stimson, 110 N. Y. 621, 17 N. E. 144, finds precise application, and is as applicable to a reply as to any other pleading.   He says:

"The answer should disclose the defense, whether it be by denial or new matter, without reference to any other pleading.   It should be complete in

itself, and require neither amplification nor patching from fragments of the complaint. The Code means nothing else when it enacts (section 500) that the answer must contain 'a denial of each material allegation of the complaint controverted by the defendant,' and what allegations are thus controverted should appear on the face of the answer. The plaintiff's attorney should not be required to look beyond that pleading for such information, nor should the court be required to count lines and measure paragraphs to discover the matters put in issue."

Avery v. N. Y. C. & H. R. R. Co. (Super. Buff.) 6 N. Y. Supp. 547; Crosley v. Cobb, 22 Wkly. Dig. 570; Caulkins v. Bolton, 98 N. Y. 511.

In view of this condition, we do not feel called upon to spell out lines in paragraphs, and associate them with the complaint and reply, in order to determine if there be some possible inconsistency. It is enough to say that the averments of matter contained in the reply, if inconsistent with the complaint, cannot be availed of by the plaintiff as a part of its affirmative cause of action. Eidlitz v. Rothschild, 87 Hun, 243, 33 N. Y. Supp. 1047. The plaintiff is bound to establish its cause of action, and, having pleaded performance, save as it has pleaded modification and waivers, must establish it as pleaded. It cannot take advantage of other waivers and modifications not pleaded therein, even though they be set out in the reply.· If it desires the benefit of those modifications and waivers, assuming them to exist, it will be essential to amend the complaint. In no view, therefore, can the defendant be prejudiced by any failure to strike out the averments contained in the reply because they are inconsistent with the complaint, if such they be. They cannot be used to help out the.plaintiff's cause of action.

It follows that the order apppealed from should be affirmed, with $10 costs and disbursements. All concur.

---

(100 App. Div. 514)

### POPE MFG. CO. v. RUBBER GOODS MFG. CO.

(Supreme Court, Appellate Division, First Department. January 20, 1905.)

Appeal from Special Term, New York County.

Action by the Pope Manufacturing Company against the Rubber Goods Manufacturing Company. From an order denying defendant's motion to compel plaintiff to reply to the separate defenses set up in the answer, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Nathan Ottinger, for appellant.
Lewis H. Freedman, for respondent.