'(100 App. Div. 353)

POPE MFG. CO. v. RUBBER GOODS MFG. CO.

(Supreme Court, Appellate Division, First Department. January 20, 1905.)

1. CONTRACTS—BREACH—ACTIONS—PLEADINGS—IRRELEVANT MATTER—MOTION TO STRIKE.

Where plaintiff sued on a contract between defendant and plaintiff's predecessor, to whose rights plaintiff claimed to have succeeded, allegations of the complaint setting out the various steps, including the legal instruments, which resulted in vesting in plaintiff the rights of its predecessor to such contract, etc., instead of alleging the fact in a general averment, did not render the complaint subject to a motion to strike for redundancy.

2. SAME—UNCERTAINTY.

Where a notice of a motion to make a complaint more specific did not specify any particular clauses of the complaint which were indefinite, but asked generally to require plaintiff to show clearly what plaintiff intended to claim with reference to the performance of the contract sued on, or its modifications, as alleged, and the complaint appeared to set out the facts, the motion was properly denied; plaintiff being entitled to rely on any legal inferences properly arising from the facts stated.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by the Pope Manufacturing Company against the Rubber Goods Manufacturing Company. From an order denying defendant's motion to strike certain portions of the complaint as irrelevant, redundant, indefinite, uncertain, and inconsistent, or, in the alternative, to have the complaint made definite and certain in various respects, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and HATCH, JJ.

Nathan Ottinger, for appellant.
Lewis H. Freedman, for respondent.

INGRAHAM, J. The action was brought to recover the sum of $200,000 under a contract, a copy of which is annexed to the complaint, made between the defendant and the American Bicycle Company, New Jersey corporations. The complaint alleges that by the said agreement the defendant promised and agreed to pay to the American Bicycle Company the sum of $200,000 annually so long as the American Bicycle Company should fulfill the terms of the said agreement, for five years from the date of said agreement; the first of said payments to be made at the expiration of one year from the date of the agreement, to wit, on November 8, 1900, or within fifteen days thereafter, and annually thereafter. It is then alleged that certain other provisions of the contract were modified; that the American Bicycle Company had duly fulfilled the terms of the agreement as modified, and had transferred to the defendant the property which by its terms it had agreed to transfer; that the American Bicycle Company continued its business until the 21st day of December, or thereabouts, on which date the American Bicycle Company ceased to engage in the business of manufacturing or selling, and that on the 30th day of August, 1902, the said Amer-

ican Bicycle Company became and was insolvent, whereupon proceedings were instituted in the United States Circuit Court on the 30th of August, 1902, and receivers of the corporation were duly appointed, who duly qualified and took possession of the property, and that at about the same time various subsidiary companies, the stock of which was owned by the American Bicycle Company, likewise became insolvent, and receivers of such corporations were appointed by the United States Circuit Court; that these receivers so appointed complied with the contract between the American Bicycle Company and the defendant; that subsequently, on the 15th day of December, 1902, a plan and agreement for the reorganization of the American Bicycle Company was entered into by persons interested in said company, a copy of which agreement is annexed to the complaint, and in pursuance of such plan and agreement of organization the plaintiff was incorporated under the laws of the state of New Jersey; that, under the direction of the court duly appointing the receivers, the receivers transferred to the plaintiff, and the plaintiff became the owner of, substantially all the personal property formerly owned by the American Bicycle Company, including all shares of stock of the subsidiary companies, and that on the 30th of July the plaintiff caused to be served a notice upon the defendant that the plaintiff was the successor in interest of the American Bicycle Company, and offered in all respects to perform the said agreement on its part, and on the part of the companies which it controlled, and offered to purchase from the defendant all of the goods, for cash, which it required, as provided for by the contract; that the plaintiff had paid to the defendant all indebtedness of the American Bicycle Company or its subsidiary companies; that by reason of these acts and proceedings the plaintiff is the owner of the said contract of November 8, 1899, and the installment of $200,000 which under the terms thereof became due and payable on the 8th day of November, 1903; that it has duly demanded payment of this sum from the defendant, which the defendant has refused to pay, and judgment is demanded for that sum. This complaint having been served, the plaintiff made a motion to strike out various paragraphs of the complaint which alleged the insolvency of the American Company, the appointment of the receivers, the proceedings to reorganize the company, the transfer of the property of the corporation to the plaintiff, and the payment by the plaintiff of the debts of the American Company and its subsidiary companies, and the notice to the defendant that the plaintiff was the owner of the contract.

I am inclined to think that the court below was justified in refusing to strike out these allegations. The contract having been made with the American Bicycle Company, it was essential for the plaintiff to allege that it succeeded to the rights of the American Bicycle Company to enforce it; and, while it is quite probable that a general allegation could have been formulated which would allege that fact without setting forth in full the various steps which resulted in the transfer of the contracts from the American Company to the plaintiff, I do not think it was irrelevant or improper to set out the

various steps, including the legal instruments, which have resulted in vesting in the plaintiff, according to the plaintiff's claim, the title to this contract, and the right to enforce it. It is not clear that all the instruments annexed to the complaint are material, but, in view of the somewhat unusual method by which it is claimed that this contract became vested in the plaintiff, I think it was safer for the plaintiff to set out these agreements and proceedings by which it is claimed the transfer of the contract was affected. Nor do I think that the complaint is so indefinite and uncertain as to require it to be amended as asked for in the notice of motion. The notice of motion does not specify any particular clauses of the complaint which are indefinite or uncertain, but asks generally to require the plaintiff to show clearly what the plaintiff intends to claim in relation to the performance of the contract or its modification as alleged. The plaintiff has set forth the facts, and it is entitled to claim upon the trial any legal inference that arises therefrom; and it seems to me that the complaint was sufficiently definite to enable the defendant to ascertain just what the plaintiff claimed as to the modification of the contract and its performance by the American Company, its subsidiary companies, and the plaintiff, after the contract became vested in it.

Upon the whole, in view of the rather unusual conditions that exist, I think that this complaint is not subject to the criticism that is made by counsel for the defendant, and that the court correctly disposed of the motion.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements.

O'BRIEN, McLAUGHLIN, and HATCH, JJ., concur.

VAN BRUNT, P. J. I think the evidence pleaded should be stricken out. I therefore dissent.