Peter M. Daly, J.
Plaintiff is a housing corporation organized pursuant to the Cooperative Corporations Law of the State of New York to qualify for mortgage insurance in a co-operative housing project under section 213 of the National Housing Act of 1934, as amended in 1950 (U. S. Code, tit. 12, § 1715e; 64 U. S. Stat. 54). In five causes of action set forth in its second amended complaint it seeks to hold responsible in damages the sponsor promoters of the project and others claimed to have been associated with them in a conspiracy to exploit said project for their own personal profit and benefit, and on other theories.
The first cause of action, in part, embraces the second which involves alleged excessive ground rent, the third which involves alleged overpricing of the construction costs, the fourth which involves breaches by the builder and architect respectively, and the sixth and last cause of action which charges the management company with failure to perform in accordance with its management contract with the plaintiff. The fifth cause of action is an independent cause to recover under the personal indemnity bond executed by the building corporation, as principal, and the three promoters and their respective wives, as sureties.
A motion by the construction company, the management company, the promoters, their respective wives and the promoters as trustees under a deed of trust with respect to the land upon *456 which the project was built, is addressed to the legal sufficiency of the first, second, third, fourth and sixth causes of action; in the event of the denial of that motion, said defendants seek various alternative relief in six additional motions pursuant to rules 90, 102 (subd. 1) and 103 of the Buies of Civil Practice. In motion Bo. 8 the defendants named in the fifth cause of action seek to strike certain paragraphs from that cause of action pursuant to rule 103, on the ground that those paragraphs are either scandalous and/or impertinent, and in motion Bo. 9 these defendants seek to strike from the said fifth cause of action certain paragraphs thereof as sham on facts supplied by affidavits and a copy of the indemnity agreement underlying that cause of action.
Upon the argument of this motion and in their brief it was the contention of the moving defendants involved in all but the fifth cause of action, that the wrongdoing charged to them in these causes of action was basically the same as that charged in the complaint which was passed upon by the Appellate Division of the First Department in Northridge Cooperative Section No. 1 v. 32nd Avenue Constr. Corp. (286 App. Div. 422). Inasmuch as leave to appeal to the Court of Appeals had already been granted (286 App. Div. 1078), the attorneys for these defendants requested the court to hold its decision in abeyance until that appeal was decided. The Court of Appeals has now affirmed the order of the Appellate Division in a unanimous opinion by Van Voorhis, J. (2 N Y 2d 514).
The Northridge case (supra) in part, involved conspiratorial misconduct charged to the promoters of a co-operative apartment project, similar to that charged here. There, too, the first cause of action was a complicated pleading in which the promoters, through the instrumentality of other named defendants, were alleged to have erected a co-operative apartment project upon land leased at excessive ground rental from a corporation owned and controlled by themselves, and in letting the building contract at excessive cost to a construction company likewise owned and controlled by themselves. The second cause of action was for breach of contract by the assignee of the construction contract and the third was on a performance bond given by such assignee and the promoters. Special Term denied the defendants ’ motion to dismiss the complaint for insufficiency, to strike portions of the first cause of action as sham and for other forms of relief. ' • ' 1" ^ *
The Appellate Division modified Special Term by striking certain portions of the complaint with leave to replead and certain others as sham without such leave. The latter related *457 to the ground rent and the cost of construction. The only question certified by the Appellate Division related solely to the paragraphs of the complaint that were stricken without leave to replead. Accordingly, as was carefully pointed out in Judge Van Voorhis’ opinion (p. 525) the Court of Appeals was 11 only concerned with the ground lease and the original construction contract ”. Since it was established without contradiction that none of the persons who were stockholders of North-ridge when its action was instituted were stockholders on December 8, 1950, when both the ground lease and the construction contract were signed, and since in their subscription agreement the subscribers in effect ratified such acts, the Court of Appeals expressly adopted the theory upon which the decision of the Appellate Division turned (286 App. Div. 422, 426, 427-428). The essence of this ruling is that a co-operative housing corporation may not sue with respect to acts of the promoters and the directors dominated by them in the period before any of the stockholders subscribed where there is express assent or ratification found in the subscription agreements.
In approving the Appellate Division’s holding that the defendants were not under any fiduciary obligation to future tenants for acts performed in the initial stages of a co-operative housing project, the Court of Appeals carefully stated (p. 527) that this was subject to the following qualification: “where additional stock is contemplated to be issued by a corporation to uninformed outsiders, or the public is to be invited to become original subscribers for the stock in a corporation, and this intention or plan is carried out, the promoters must account to the corporation for profits of this nature of which the future subscribers had no notice and to which they did not assent, notwithstanding that at the time of the transaction in question all of the stock which had been issued or subscribed was held by the promoters or others who knew of their profits and assented to them (85 A. L. R. 1276; Erlanger v. New Sombrero Phosphate Co., 3 App. Cas. 1218; see the dissenting opinion by Justice Hatch in Hutchinson v. Simpson, 92 App. Div. 382,407 et seq.; 1 Fletcher’s Cyclopedia Corporations, § 192, p. 614; § 196, p. 643).”
The court noted that the Appellate Division itself recognized this qualification but found on the proof that was submitted as permitted by the Buies of Civil Practice pursuant to which the motion was made, that the tenants in that case were told of the existence of the ground lease and the building contract and signed a form of subscription agreement which contained the following language (p. 527): “ There has been exhibited to me and I have read the copies of the Agreement for the construction of *458 the project and the agreement for the lease of the ground and other pertinent agreements. I hereby consent to, confirm and agree to the execution by the company of these agreements ”.
In that connection the court observed (p. 527): “At the very least, it is undisputed that the subscribers were put upon notice that a ground lease and construction contract had been made before their subscriptions were received, and that in signing the subscription contract they confirmed these agreements. Being literate persons, without any deception being claimed concerning the nature or substance of the subscription agreements which they signed, the subscribers are presumed to have read them and to have been aware of their contents (Pimpinello v. Swift & Co., 253 N. Y. 159).”
The opinion in Northridge noted that most of the facts relevant to the motion therein were contained in the complaint and others were supplied by affidavits appropriately furnished under the Rules of Civil Practice pursuant to which that motion was made. In the case at bar, the court is restricted to the facts alleged in the amended complaint, the sufficiency of five of its six causes of action having been attacked. Upon such a motion, the court may consider only the allegations properly pleaded and treat them as established facts. (Scholen v. Guaranty Trust Co., 288 N. Y. 249, 251-252; Purdy v. McGarity, 262 App. Div. 623, 625.)
When the ground lease was made is not alleged and while the dates when the plaintiff was caused to execute and approve the construction, the architects’ and management agreements are furnished, the dates of the subscriptions by tenant owners have not been set forth nor that the tenants were told of the existence of such agreements or that they signed a form of subscription agreement equivalent to that which the tenant stockholders in Northridge signed. Indeed, paragraph “Tenth” of plaintiff’s first cause of action, which has been incorporated by reference in the second, third, fourth and sixth causes, expressly states that “ a substantial number of plaintiff’s present stockholders had entered into subscription agreements for the purchase of common stock of plaintiff and had paid for such stock either in full or in part ” prior to the “ execution of the agreements and acts ’ ’ alleged in the amended complaint, in which the substance of plaintiff’s organization and control by, and the alleged misconduct of, the promoters is described.
Accordingly, the five causes of action attacked for legal insufficiency cannot be disposed of at this time upon the theory on which the Northridge decision turned. Although some phases of the complaint are prolix and repetitious the basic sufficiency *459 of the causes of action under attack is not destroyed by these deficiencies. (Pomerance v. Pomerance, 301 N. Y. 254.) The second cause of action (for alleged excessive ground rent) is dismissed without leave to replead against defendant BHB Management Co. and the individual defendants only in their capacity as partners therein, since no misconduct in that capacity has been alleged or claimed in said cause of action. The third cause of action (for alleged excessive construction costs) is dismissed with leave to plead over. As presently pleaded this cause of action is devoid of any facts from which the conclusion may be drawn that the cost of construction as provided in the construction contract “ was excessive and in no way related to the fair and reasonable value of the materials to be supplied and the work to be performed.” Such a generalization is insufficient in the absence of a statement of those facts upon which the pleader’s conclusions are based. (Kalmanash v. Smith, 291 N. Y. 142, 153; Katz v. Manhattan Gen., 1 A D 2d 134, 137.) In all other respects motion No. 1 is denied.
Motion No. 2 seeks an order requiring the plaintiff to serve an amended complaint in the event of the denial of the first motion, upon the ground that the present pleading is so indefinite, uncertain or obscure that the precise meaning or application thereof is not apparent (Rules Civ. Prac., rule 102, subd. 1). The notice of motion does not refer to any particular parts of this lengthy and complicated amended complaint which are claimed to be defective. (Schwartz v. Marjolet, Inc., 214 App. Div. 530; Pope Mfg. Co. v. Rubber Goods Mfg. Co., No. 2, 100 App. Div. 353, 356.) In any event, the court believes that the complaint is not obscure or uncertain. The details of the transactions may be obtained by a bill of particulars. (Tilton v. Beecher, 59 N. Y. 176; Higgins v. O’Donnell, 256 App. Div. 981.) Accordingly, this alternative motion is denied.
Motion No. 3 seeks an order, in the event motions Nos. 1 and 2 are denied, striking out as redundant, repetitious and unnecessary (Rules Civ. Prac., rule 103) the allegations constituting the second, third, fourth and sixth causes of action on the ground that the substance thereof is alleged in the first cause of action. The court is of the opinion that the first cause of action refers only to the substance of most of the transactions alleged in the subsequent causes of action, and that the latter should not be stricken because of such reference. Indeed, the opposite result with respect to parts of the first cause of action might be more appropriate, were the motion directed to such parts. Accordingly, this alternative motion is denied. It has been held, moreover, that the refusal to strike an allegation is not an adjudica *460 tion that evidence under it would be competent or have an effect upon the trial. (Riesenberger v. Sullivan [No. 2], 1 A D 2d 1050; see, also, Neftel v. Lightstone, 77 N. Y. 96.)
Motion No. 4 seeks an order, in the event of the denial of motions Nos. 1 and 2, requiring the plaintiff to state and separately number multiple causes of action allegedly commingled in the first cause of action. Since that cause of action seeks to hold the defendants therein mentioned liable by reason of an alleged conspiracy entered into by them to commit the various acts therein enumerated, the court cannot perceive the propriety for the statement of those acts as separate causes of action. At any rate, some of the matters alluded to in the first cause of action are the subject of subsequent separately stated causes. This branch of the motion is accordingly denied.
Motion No. 5 seeks an order, in the event motions Nos. 1, 2 and 3. are denied, requiring the separate statement of alleged multiple causes of action now pleaded in the fourth and sixth causes of action. The plaintiff’s attorneys state, on pages 11 and 12 of their brief, that the fourth cause of action is to recover for the breach by the builder and the architect of their respective contracts with the plaintiff, and that the sixth cause of action is for the breach of the management contract. The court is of the opinion that the fourth cause of action should be redrafted so as to separately state causes of action against the builder and the architect for the breach of their respective contracts. (Christmas v. Norden, 282 App. Div. 923.) There is no necessity to repeat the conspiracy with respect to the execution of those contracts already embraced in the first cause of action (paragraph “ Eighth,” subds. “ C ” and “ D ”). The sixth cause of action essentially embraces damages sought to be recovered for breach of the management contract, and here, too, there is no necessity to repeat the conspiracy with respect to its execution, already the subject of subdivision “ Gf ” of paragraph “ Eighth ” of the first cause. Accordingly, this branch of the motion is granted solely to the extent of requiring a separate statement of the causes of action for breach of the contracts of the builder, the architect and the management company.
Motion No. 6 seeks an order, in the event motions Nos. 1, 2 and 4 are denied, requiring the elimination of certain paragraphs and parts of paragraphs from the first cause of action upon the ground that they are conclusions of law. The motion is granted only as to paragraph “ Fourth,” since it is merely plaintiff’s interpretation of Congressional intent and has no proper place in a pleading. In all other respects, this branch of the motion is denied.
*461 Motion No. 7 seeks an order, in the event of the denial of motions Nos. 1, 2, 3 and 5, requiring the elimination from the second, third, fourth and sixth causes of action of those allegations sought to be stricken in motion No. 6, as were incorporated by reference in said subsequent causes of action. The motion is granted only to the extent that paragraph “ Fourth ” is stricken from these causes of action.
Motion No. 8 seeks an order striking from the fifth cause of action certain paragraphs of the preceding causes of action which have been incorporated by reference in said fifth cause of action, and certain new matter. This cause of action is solely against the three promoters and their respective wives on an undertaking executed by them as sureties" for the indemnification of the plaintiff in the event .of default by the construction company in the performance of its contract with the plaintiff. This alternative motion is granted to the extent of subdivision (a) thereof. The allegations therein referred to have no bearing upon the liability sought to be enforced by the fifth cause of action. In all other respects the alternative motion is denied.
In motion No. 9 the defendants charged with liability in the fifth cause of action, on the undertaking already referred to, seek to strike as sham paragraphs “ Thirty-Ninth,” “ Fortieth ” and “ Forty-First ” of the amended complaint, on facts supplied by affidavits and a copy of the indemnity agreement which was not annexed to that cause of action which pleaded only the substance thereof relied upon by the plaintiff.
Sham matter has been defined as “ that which is good in form but false in fact, and which is demonstratively false as to leave no reasonable doubt in the mind of the court as to its falsity.” (Santasiero v. Briggs, 278 App. Div. 15, 21.) The original supporting affidavit, made by an attorney associated with the attorneys for the defendants, is predicated upon the claim that the undertaking, by its terms, would become null and void upon the payment by the principal to all persons who had contracted with it for labor and materials furnished pursuant to the provisions of the construction contract, and that said attorney 11 has been informed that all persons who have ’ ’ such contracts ‘1 had been paid and were paid prior to the institution of the within action. ’ ’ Such a hearsay affidavit is hardly sufficient to establish the falsity of the allegations sought to be stricken.
It is true that in a supplemental affidavit the same attorney urges that in the event the court finds that the undertaking did not become null and void upon the payments made to the subcontractors, plaintiff, nevertheless, has no cause of action based on the indemnity agreement. This in effect is a contention for *462 holding the fifth cause of action insufficient in law on the basis of a document not incorporated in the cause of action that has been attacked. Indeed, it appears to have been so taken by the attorneys for the plaintiff whose Point VI is: “ The fifth cause of action is legally sufficient and is timely.” But the sufficiency of a cause of action cannot properly be determined on a motion to strike allegations of a complaint. (Walter v. Fowler, 85 N. Y. 621; Astoria Silk Works v. Plymouth Rubber Co., 126 App. Div. 18; Callas v. Whisper, Inc., 198 Misc. 829, affd. 278 App. Div. 974.) Accordingly, this branch of the motion is denied.
Settle order on five days’ notice in which the plaintiff will be directed to serve a further amended complaint in accordance with this decision.