PER CURIAM.
The plaintiffs, Nicholas C. Sardell and Marie H. Sardell, his wife, appeal from a final order of the Circuit Court which dismissed their amended complaint for failure to state a cause of action.
The complaint alleges, inter alia, that the plaintiff wife was crossing a street in Miami, Florida, when a minor co-defendant, Irving Silverman, (not a party to this appeal), ran into her and knocked her to the ground as he attempted to catch a football being thrown to him by the minor defendant, Gary Malanio. She alleged negligence on the part of Silvei'man, and in the alternative alleged that the defendant, Malanio, negligently threw a football pass to the co-defendant, Silverman, in her immediate vicinity without maintaining a proper lookout,- and failed to warn her that he was throwing the pass, when he knew or should have known of her presence, thereby causing the accident. Other allegations not pertinent to this appeal were also included in the complaint.
For the purpose of the motion to dismiss, we assume that all the allegations of the complaint are true. Ocala Loan Company v. Smith, Fla.App. 1963, 155 So.2d 711.
The allegation that Malanio negligently threw a football pass to another minor defendant, in the immediate vicinity of the plaintiff, fails to sufficiently charge the defendant, Malanio with negligence. Throwing a football is not a negligent act, per se. The question then is whether the throwing of a football in the immediate vicinity of someone is a negligent act if the passer knew or should have known of that person’s presence?
 The law does not impose liability merely because it is possible to trace a connection between a negligent act or omission and an injury. To constitute proximate cause, there must be such a natural, direct and continuous sequence between the negligent act and the injury that it can reasonably be said but for the act the injury would not have occurred. See 23 Fla.Jur. Negligence § 29.
We are unable to find that the alleged act constitutes negligence. It does not overcome the requirement of the “proximate cause” doctrine. The passer had no physical control over the pass catcher [Sil-verman], and logically had no reason to expect him to run into and collide with the plaintiff, even if the football was thrown into her immediate vicinity.
In 23 Fla.Jur. Negligence § 37, it is stated:
“A person’s negligence is not the proximate cause of an injury that results from *395 the intervention of a new and independent cause that is neither anticipated nor reasonably foreseeable by the person, is not a consequence of his negligence, is not controlled by him, operates independently of his negligence, and is the efficient cause of the injury in the sense that the injury would not occur in its absence. * * * Thus, where a negligent act creates a condition that is subsequently acted on by another unforeseeable, independent, and distinct agency to produce the injury, the original act is the remote and not the proximate cause of the injury, even though the injury would not occur except for the act. * * * ”
‡ ^ ‡ ‡
The question here was did the amended complaint state a cause of action sufficiently to withstand the motion to dismiss? We find that it did not, and the decision of the trial court in dismissing the amended complaint as to the defendant, Malanio, is therefore
Affirmed.