202 So.2d 746 (1967)
Nicholas C. SARDELL and Marie H. Sardell, His Wife, Petitioners,
v.
Gary MALANIO, Respondent.
No. 35830.
Supreme Court of Florida.
September 27, 1967.
Frates, Fay, Floyd & Pearson and Larry S. Stewart, Miami, for petitioners.
Weinstein & Weissenborn, Miami, for respondent.
THORNAL, Justice.
By petition for certiorari we are requested to review a decision of the District Court of Appeal, Third District because of an alleged conflict with a prior decision of this Court on the same point of law.
Our problem involves a consideration of the doctrine of proximate cause as affected by the claimed presence of an effective intervening independent cause in the chain of events producing an injury.
Two minors, Irving Silverman and Gary Malanio, were engaged in "playing catch" with a football in a Miami street. At the moment in question, Mrs. Sardell was crossing the street. Gary passed the ball to Irving. In an effort to make the catch, Irving collided with Mrs. Sardell knocking her to the ground. Claiming injury, she alleged negligence by Silverman. He is not a party to this proceeding. Alternatively, she alleged that Malanio negligently threw the ball to Silverman in her immediate vicinity without maintaining a proper lookout and failed to warn her that he was throwing the pass when he knew or should have known of her presence. She alleged that this negligence of Malanio caused her injury. The trial judge sustained a motion to dismiss the complaint as it related to Malanio. His order was affirmed on appeal by the D.C.A. *747 Sardell v. Malanio, 189 So.2d 393 (3d D.C.A. Fla. 1966). This decision is now here for review.
The District Court of Appeal correctly opined that "[t]o constitute proximate cause, there must be such a natural, direct and continuous sequence between the negligent act and the injury that it can reasonably be said but for the act the injury would not have occurred". Id. at 394. It then apparently reasoned that the act of the catcher was the efficient, intervening independent cause effectively disassociated from the alleged initial negligent act of the passer. It reached this conclusion by observing that the passer had no "physical control over the pass catcher" and had no reason to expect the collision with the plaintiff "even if the football was thrown into her immediate vicinity". Id. Thus the District Court held that the alleged negligence of the catcher effectively isolated the initial alleged negligence of the passer, even though it was clearly set in motion by the original act of passing the ball.
In so concluding, we feel that the District Court overlooked the rule of Loftin v. McCranie, 47 So.2d 298, 302 (Fla. 1950), where this Court held that "no intervening cause is efficient unless it is independent of and not set in motion by the original wrongful act". (emphasis added). The complaint alleged that the ball was negligently thrown by the passer to the catcher without maintaining a proper lookout and without warning to the plaintiff despite actual or constructive knowledge of her presence. The status of the pleadings compels acceptance of these factual allegations as reflected by the District Court opinion under review.
The opinion of the District Court, which invoked the "efficient, intervening cause doctrine" despite the admitted fact that the original act of the passer "set in motion" the negligent conduct which ultimately produced the injury, therefore collides with the statement of law announced in Loftin v. McCranie, supra.
Our jurisdictional analysis foretells our conclusion. A person, without fault, may recover for an injury which results directly and in ordinary natural sequence from a negligent act of another without the intervention of an independent efficient cause. To preclude liability of the initial negligent actor, the alleged intervening cause must be efficient in the sense that it is independent of and not set in motion by the initial wrong. Loftin v. McCranie, supra; Rodi v. Florida Greyhound Lines, 62 So.2d 355 (Fla. 1952); Broome v. Budget Rent-A-Car of Jax, Inc., 182 So.2d 26 (1st D.C.A. 1966).
The original act of the passer, Malanio, alleged to have been negligently committed, certainly "set in motion" the flight of the football in the direction of Mrs. Sardell. The act of Silverman in attempting to catch the pass, as it was obviously intended that he should do when the ball was put in motion, was merely a direct, natural and continuous sequel to the initial act of the passer Malanio. Clearly, Silverman did not act in isolation or independently. Indeed, he would not have acted at all had it not been for the initial act of Malanio, who threw the ball and thereby initiated the series of events which in natural sequence allegedly produced the ultimate injury. It remains the burden of the petitioners, Sardell, to prove that the act of Malanio was the proximate cause of the injury. We do not discuss the matter of concurrent negligence for the reason that Silverman is not a party to the instant proceeding. The decision under review denies to petitioners the opportunity to establish the allegations of their complaint as to the alleged negligence of Malanio.
The decision of the District Court is quashed and the cause remanded for further proceedings in accord with this opinion.
It is so ordered.
CALDWELL, C.J., and THOMAS, DREW and O'CONNELL, JJ., concur.