203 So.2d 657 (1967)
FOUNTAINVIEW ASSOCIATION, INC., #4, a Florida Corporation Not for Profit, and Fountainview Association, Inc., #5, a Florida Corporation Not for Profit, Appellants,
v.
Paul BELL, Norman Feinberg, Belle Bell and Saralyne Feinberg, Appellees.
Nos. 66-884, 66-885.
District Court of Appeal of Florida. Third District.
October 17, 1967.
Rehearing Denied November 29, 1967.
Norman H. Goldstein, North Miami Beach, for appellants.
*658 Frates, Fay, Floyd & Pearson, Harold Zinn, Miami, for appellees.
Fuller Warren, Miami, amicus curiae.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
BARKDULL, Judge.
These consolidated appeals bring on for review the correctness of final decrees dismissing the appellants' amended complaints in separate actions, for failure to state a cause of action. The plaintiffs declined to amend further and elected to stand on their amended pleadings.
In reviewing the chancellor's actions, we are required to take as true all facts pleaded in the complaints. See: Bailey v. Folks, Fla.App. 1966, 182 So.2d 477; Russell v. Community Blood Bank, Inc., Fla.App. 1966, 185 So.2d 749; Sardell v. Malanio, Fla.App. 1966, 189 So.2d 393; C.D. Utility Corp. v. Maxwell, Fla.App. 1966, 189 So.2d 643. Examining the limited record in light of these principles, the following appears: Some time prior to 1964, the individual defendants had title to certain undeveloped land in Dade County, Florida, upon which they determined to erect multi-unit apartment buildings and to sell the individual living units therein to prospective purchasers in fee simple, pursuant to Ch. 711, Fla. Stat., F.S.A., known as the Florida Condominium Act. Pursuant to this plan, the individual defendants caused the corporate appellants to be duly organized as corporations not for profit under Ch. 617, Fla. Stat., F.S.A. As the organizers of the plaintiffs, the individual defendants were the officers and directors. Subsequent to the incorporations, the defendants caused certain of the aforedescribed land to be conveyed or leased to the plaintiff associations at what is alleged to have been an inflated price or upon inflated terms. Thereafter, pursuant to § 711.12(2), Fla. Stat., F.S.A., the defendants caused the plaintiff associations to enter into management contracts with a third party for a period of years at alleged exorbitant fees. The associations contracted and sold the individual condominium units, and the purchasers thereof received a fee simple title to their individual units and became members of the plaintiff associations. Upon completion of the project, the individual defendants terminated their official positions with the plaintiffs.
The plaintiff associations contend that: they have a right to recover of and from the individual defendants any unconscionable profit which they may have made on the sale of the land and construction of the improvements thereon, or lease of the land to the associations; and relief from any excessive fees that they may be obligated to pay on the management contracts. They contend that at the time the defendants negotiated said transactions they were officers of the associations and fiduciaries for all prospective members, citing Old Dominion Copper Mining and Smelting Co. v. Bigelow, 203 Mass. 159, 89 N.E. 193; Northridge Cooperative Section One v. Thirty-Second Avenue Construction Corp., 2 N.Y.2d 514, 161 N.Y.S.2d 404, 141 N.E.2d 802; Mitchell Gardens No. Three Cooperative Corp. v. Third B.N. Associates, Inc., 5 Misc.2d 454, 162 N.Y.S.2d 152; Shore Terrace Cooperative, Inc. v. Roche, 25 A.D.2d 666, 268 N.Y.S.2d 278.[1]
The defendants contend that because they were the sole officers and directors of the associations at the time the transactions took place, they were not liable to the associations because there were no other members actually belonging to the associations at that time. See: Lake Mabel Development Corporation v. Bird, 99 Fla. 253, 126 *659 So. 356; Old Dominion Copper Mining and Smelting Co. v. Lewisohn, 210 U.S. 206, 28 S.Ct. 634, 52 L.Ed. 1025.
We affirm. This is not a case of first impression in Florida. If it were, we might be inclined to the view espoused by the appellants. However, it appears that the Florida Supreme Court opinion cited by the appellee, Lake Mabel Development Corporation v. Bud, supra, disposes of the question.
In the enactment of the Florida Condominium Act, the Legislature chose to permit an association that operates such a project to function as, but not limited to, a corporation for profit and as a corporation not for profit. See: § 711.12(1), Fla. Stat., F.S.A. Therefore, in construing the statute, it is apparent that the Legislature considered that each of the same class should be treated equally. See: Davis v. Florida Power Co., 64 Fla. 246, 60 So. 759; Di Lustro v. Penton, 106 Fla. 198, 142 So. 898; Tittsworth v. Akin, 118 Fla. 454, 159 So. 779; 6 Fla.Jur., Constitutional Law, § 300; 16 Am.Jur.2d, Constitutional Law, § 502; 50 Am.Jur., Statutes, § 372. Therefore, although the promoters caused corporations not for profit to be organized, they could have organized corporations for profit and we hold that their conduct is governed by the rules applicable to private corporations for profit, and are thus entitled to have the principles of law enunciated in the case of Lake Mabel Development Corporation v. Bird, supra, applied to their activities, which activities have been found by the supreme court to be not objectionable in this State.
The other error urged by the appellants has been examined and found to be without merit, as there were no allegations in the amended complaints that the books and records were in the possession of the individual defendants. See: South Florida Telegraph Company v. Maloney, 34 Fla. 338, 16 So. 280; 25 Fla.Jur., Pleadings, § 47; 41 Am.Jur., Pleadings, § 78; 71 C.J.S. Pleadings § 73.
Therefore, for the reasons above stated, the final order here under review is hereby affirmed.
Affirmed.
NOTES
[1] The instant action only involves an attempt by the associations to recoup. Whether they recovered or not would have no bearing on the individual rights and responsibilities as between the purchasers of the condominium units and the individuals who may have induced their purchase through any fraud or misrepresentation.