231 So.2d 850 (1970)
RIVIERA CONDOMINIUM APARTMENTS, Inc., a Florida Corporation Not for Profit, Appellant,
v.
Morris WEINBERGER, Sanford Bacon, Lewis Weinberger and Pickwick West Lake Company, a Florida Corporation, Appellees.
No. 69-385.
District Court of Appeal of Florida, Third District.
February 17, 1970.
Rehearing Denied March 4, 1970.
Goldstein, Franklin & Chonin, North Miami Beach, for appellant.
Daniel Neal Heller, Miami, for appellees.
*851 Before PEARSON, C.J., and BARKDULL and HENDRY, JJ.
PEARSON, Chief Judge.
The plaintiff, Riviera Condominium Apartments, Inc., is a non-profit corporation organized pursuant to Chapter 711, Fla. Stat., F.S.A. It appeals from a final judgment for the defendants, the corporation which promoted, built, and sold condominium apartments of which the plaintiff is comprised, and three individuals who were officers and directors of the defendant corporation. The final judgment was based upon a directed verdict granted in accordance with a reservation of ruling at the conclusion of the plaintiff's case. The substantial question presented is whether the evidence, viewed in the light most favorable to the plaintiff, could support the jury verdict for the plaintiff. See, e.g., Swilley v. Economy Cab Co. of Jacksonville, Fla. 1951, 56 So.2d 914.
The evidence presented at the trial, viewed in the light most favorable to the verdict, established that the individual appellees were officers and directors of the plaintiff-appellant non-profit corporation from the time it was organized until it was turned over to the purchasers of the condominium apartments. About two weeks before control of the apartment house was to be turned over, the individual appellees paid a $7,500 management fee to the appellee corporation. As stated above, the individual appellees were then officers and directors of both the appellant and appellee corporations. It affirmatively appears that the management services were performed and that each new member of the appellant corporation had knowledge prior to his purchase that a charge for management services would be made in the approximate amount actually charged.
In Wechsler v. Goldman, Fla.App. 1968, 214 So.2d 741, we dealt with a similar case in which the individual plaintiffs, members of a non-profit condominium association, sought to cancel a lease alleged to be unconscionable. In that case we held that the individual plaintiffs could not object to the lease, since they had accepted the lease in their closing contract. We also said:
"It is not without some reluctance that we hold the plaintiff condominium associations do not have a cause for relief against the claimed exorbitant lease rental obligation imposed on them while both lessor and lessee were owned or controlled by the promoters. However, we affirm the decree on the authority of Fountainview Association, Inc., No. 4 v. Bell, Fla.App. 1967, 203 So.2d 657, which, on review by the Supreme Court of Florida, recently was held to have been correctly decided. See Fountainview Association, Inc. [No. 4] v. Bell, Fla. 1968, 214 So.2d 609, * * *.
"What occurred in this instance and in the Fountainview case may indicate a need for legislative action to amend the Condominium Act (Ch. 711, Fla. Stat., F.S.A.) to prevent unfair dealing by promoters of condominium associations." 214 So.2d at 744.
It is clear that under the holding in Fountainview Association, Inc. v. Bell, Fla.App. 1967, 203 So.2d 657, and the holding in Wechsler v. Goldman, Fla.App. 1968, 214 So.2d 741, the appellant did not make out a prima facie case for relief.
Affirmed.