**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12253

Non-Argument Calendar

_____

BRIAN BAKER,
   as Personal Representative of the
   Estate of Trevor Baker,
SHALLYN BAKER,
   as Personal Representative of the
   Estate of Trevor Baker,

*Plaintiffs-Appellants,*

*versus*

LONE STAR WHEEL COMPONENTS LLC,

CHAMPION HOME BUILDERS, INC.,

ACE TIRE & AXLE INC.,

ACE TIRE & AXLE LLC,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cv-01510-KKM-CPT

————————————————

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

This appeal presents a question of proximate cause. The appellees all had some role in supplying an axle and wheel with an alleged defect that caused appellant Trevor Baker, a semi-truck driver, to pull to the shoulder of an interstate highway. While he was inspecting the mechanical issue, another driver's errant lane change set off a chain reaction that resulted in a multi-car pileup. Baker was struck and killed in this ensuing entanglement. We must decide whether the pileup was an unforeseeable, "supervening" cause that foreclosed the appellees' liability for Trevor Baker's death. We hold that it was. Accordingly, we affirm the district court's dismissal of Baker's estate's complaint.

The facts of the case are known to the parties, and we repeat them here only as necessary to decide the case.

**I**

On August 18, 2022, Baker was driving a semi-truck on I-75 near Tampa. He was transporting half of a manufactured home; another truck was transporting the other half. At one point, Baker was notified by the other truck that an axle and wheel on the other truck's trailer were "smoking profusely." Both trucks pulled "as far

right as practicable onto the shoulder" of an ingress so Baker could examine the problem.

While Baker was on the shoulder inspecting the truck, a series of collisions occurred near the ingress. One driver struck a different semi-truck before proceeding to spin and hit an unrelated vehicle. At the same time, that semi-truck moved to the right and rear-ended another vehicle. Details are murky, but Baker's estate alleged that the "entanglement of vehicles then proceeded to strike and kill" Baker. Baker's estate brought the initial suit on his behalf, alleging that the defective axle and wheel on Baker's partner's truck caused Baker's death. Concluding that the estate's complaint failed to adequately allege proximate cause, the district court dismissed some defendants, granted judgment on the pleadings for another, and denied the estate's motion to amend as futile.

## II

We review a dismissal of a complaint for failure to state a claim de novo. *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). We accept as true all factual allegations made by the plaintiff. *Id.* The same goes for judgment on the pleadings. *Garcia-Bengochea v. Carnival Corp.*, 57 F.4th 916, 928 (11th Cir. 2023).

Every question in this case comes down to one: Was the smoking axle the proximate cause of Baker's injury? "Establishing proximate cause requires a factual showing that the dangerous activity foreseeably caused the specific harm suffered by those claim-

ing injury." *Dorsey v. Reider*, 139 So. 3d 860, 864 (Fla. 2014). Although "courts have held that such issues are generally for juries to decide using their common sense upon appropriate instructions, . . . occasionally, when reasonable people cannot differ, the issue has been said to be one of law for the court." *Dep't of Transp. v. Anglin*, 502 So. 2d 896, 899 (Fla. 1987) (quoting *Stahl v. Metro. Dade Cnty.*, 438 So. 2d 14, 21 (Fla. Dist. Ct. App. 1983)). "Merely furnishing the occasion for a person to be injured by the supervening negligence of a third party" is one such instance where proximate cause fails at the threshold. *Ruiz v. Tenet Hialeah Healthsystem, Inc.*, 260 So. 3d 977, 982 (Fla. 2018). A third party's negligence is supervening—and thus breaks the causal chain—when it is "independent of and not set in motion by the initial wrong." *Sardell v. Malanio*, 202 So. 2d 746, 747 (Fla. 1967). In other words, we must be certain that "the [smoking axle] d[id] not directly contribute to the force or effectiveness" of the pileup. *St. Fort ex rel. St. Fort v. Post, Buckley, Schuh & Jernigan*, 902 So. 2d 244, 249 (Fla. Dist. Ct. App. 2005).

To be sure, the smoking axle on Baker's partner's truck can be said to have "furnish[ed] the occasion" for Baker to be injured by the pileup—it's what led him to pull onto the shoulder in the first place. But nothing more. *Ruiz*, 260 So. 3d at 982. It would be one thing if Baker had alleged that smoke—or even the presence of the vehicles on the shoulder—in some way precipitated the pileup. But he conceded below that the pileup was "unrelated" to the mechanical issue. Pl. Resp. to Mot. to Dismiss I at 4, Dkt. No. 60. And

25-12253              Opinion of the Court              5

while his motion to amend the complaint sought to add more details related to the defendants' alleged knowledge of the defect, it failed to establish *any* causal connection between the mechanical issue and the pileup. *See* Mot. to Am. Compl, Dkt. No. 97.

Baker insists that "[r]easonable people could differ on whether it is foreseeable that a person, while stopped on an interstate shoulder near an entry ramp during morning rush hour to assess a 'smoking,' external vehicle part, could get hit and killed by a pileup caused by a lane change." Br. of Appellant at 11. Respectfully, we disagree. And so did the Florida Supreme Court when faced with an analogous set of facts. In *Department of Transportation v. Anglin*, the Court held it was not reasonably foreseeable that a car stopped at the side of the road as the result of a stalled engine would be rammed by a runaway truck. 502 So. 2d at 899. While Baker urges us to focus on the "bizarre and reckless manner" in which the truck was driving there to distinguish the cases, we don't believe this distinction material. Instead, we hold it dispositive that there, like here, the defendants' conduct "did not set in motion a chain of events resulting in injuries" to Baker. *Id.* at 900.

**AFFIRMED.**