260 So.2d 264 (1972)
Edward F. ACKERMAN and Grace G. Ackerman, His Wife, et al., Appellants,
v.
SPRING LAKE OF BROWARD, INC., a Florida Corporation, et al., Appellees.
No. 71-72.
District Court of Appeal of Florida, Fourth District.
April 7, 1972.
James R. Eddy, Pompano Beach, for appellants.
Richard H. Roth of Tucker, Roth, Prominski & Peschio, Pompano Beach, for appellee-Ritz.
CROSS, Judge.
Appellants-plaintiffs, Edward F. Ackerman, et al., appeal an amended final judgment *265 in favor of appellees-defendants, Spring Lake of Broward, Inc., et al., in an action for declaratory relief. We affirm in part and reverse in part.
Defendant-Spring Lake of Broward, Inc., was the developer of a condominium known as Spring Lake Villas Condominium. Plaintiffs are purchasers of individual units within the condominium. The condominium consisted of individual dwelling units which were separate buildings rather than apartments in a multi-story structure, various common elements, and a recreation area.
The underlying controversy in this case concerns the status of the recreation area. The Declaration of Condominium filed by the developer provided that:
"The land hereinafter described is hereby declared to be condominium property and is hereby submitted to condominium ownership, pursuant to the provisions of the 1963 Florida Condominium Act, provided, however, that the leased portion, the recreation area (the area shown and designated on the attached PLOT PLAN as Limited Common Elements), more specifically described as:
[legal description of the recreation area]
is declared to be condominium property and is submitted to condominium ownership during the ninety-nine (99) years only, beginning with the date hereof."
The warranty deed received by each unit owner conveyed the fee simple title to the particular condominium parcel, together with the right to a 99-year lease of any undivided interest in the recreation area. Each purchaser of a condominium unit was requested to enter into a lease agreement with the developer for the recreation area, and most of the owners of the condominium units did enter into such leases. Each lease provided, inter alia, for an annual rent of $150, and also that any unpaid rent would constitute a lien on the dwelling unit owned by the lessee.
Plaintiffs, apparently dissatisfied with the arrangements set forth above, filed a complaint for declaratory decree, alleging that they were in doubt as to their rights and duties under the Declaration of Condominium, warranty deeds, and lease agreements. It was alleged that the legal effect of the above instruments was to vest fee simple ownership of the recreation area in the condominium, and that the leases entered into by the condominium unit owners were invalid. Defendants answered, denying the pertinent allegations of the complaint, and counterclaiming for sums allegedly due from some of the plaintiffs under the various instruments pertaining to the leased recreation area.
The cause then came on for hearing before the trial court. Final judgment was entered. Subsequently, the final judgment was amended. The trial court determined that the fee simple title to the recreation area was vested in the developer, and that the leases entered into between the unit owners and the developer for the recreation area were valid and binding. This appeal followed.
The primary thrust of this appeal is whether the trial court erred in its determination that the fee simple ownership of the recreation area was in the developer, and that the leases entered into between the unit owners and the developer were valid.
Chapter 711 of the Florida Statutes, known as the Florida Condominium Act, sets forth the requirements for the creation and operation of a condominium. Florida Statute 711.08(1) (Supp. 1970), F.S.A. provides that a condominium may be created on lands owned in fee simple or held under a lease having a term in excess of ninety-eight years by recording a declaration of condominium in the appropriate records. This declaration must include, among other items, a statement submitting the condominium property to condominium ownership, a legal description of the land included, a survey, graphic description and plot plan which is sufficient to identify all *266 units and the common elements of the condominium, the undivided shares on the common elements which are appurtenant to each of the units, and the name of the condominium association and whether or not it is incorporated.
Section 711.06(1) (a) provides that the term common elements includes "[t]he land on which the improvements are located and any other land included in the condominium property whether or not contiguous." (Emphasis added.) Each unit owner possesses, as an appurtenance to his unit, an undivided share in the common elements. Section 711.04, F.S. 1969, F.S.A. The maintenance of the common elements is declared by § 711.13(1) to be the responsibility of the condominium association, and operation and maintenance expenses are common expenses to be assessed pro rata against each unit owner. Section 711.14(1), Florida Statutes 1969, F.S.A.
The condominium association is the entity responsible for the operation of the condominium. Sections 711.03(2), 711.12 (1), Florida Statutes 1969 F.S.A. The association may or may not be incorporated, but in any event is recognized as a separate legal entity by § 711.12.
In the instant case, part of the condominium property was submitted to condominium ownership in fee simple, but that part of the common elements designated as the recreation area was submitted to condominium ownership for a term of 99 years. The net result is that the unit owner owns his unit in fee simple, but a part of the common elements by an estate for years. Such a result is apparently contemplated by Section 711.04(1), F.S. 1969, F.S.A. The use of both fee simple and leasehold estates in the same declaration of condominium may be somewhat awkward and confusing, but there has been no showing that such an arrangement violates the Condominium Act.
The conclusion is inescapable, therefore, that the developer did retain the fee simple ownership to the recreation area, as any other long-term lessor retains the ownership in fee simple of the leased premises.
The issue of the validity of the leases between the developer and the unit owners presents a different problem. By the terms of the Declaration of Condominium, the recreation area was declared to be condominium property, and was submitted to condominium ownership for the 99-year period. Once this was done, the recreation area became part of the common elements of the condominium during the term of the estate for years, and appurtenant to the condominium units. The developer then had no present possessory interest in the property which it could validly lease to the individual unit owners.[1]
We have considered the remaining points raised on appeal and the cross-appeal and determined them to be without merit.
Accordingly, the trial court's determination that the leases between the developer and the unit owners were valid is reversed. In all other respects, the amended final judgment is affirmed, and the cause remanded *267 for further proceedings consistent with the views herein expressed.
Affirmed in part, reversed in part and remanded.
REED, C.J., and OWEN, J., concur.
NOTES
[1] In Wechsler v. Goldman, Fla.App. 1968, 214 So.2d 741, the court upheld the validity of a lease to a recreation area which at first glance seems similar to the one in the instant case. However, in the Wechsler case, it does not appear that the recreation area had been submitted to condominium ownership. The lease there was between the developer as lessor, and the condominium association as lessee, with the unit owners signing as guarantors. Further, in Wechsler no contention was made that the lease was invalid under the declaration of condominium; rather, the issue there was whether the lease should be set aside because the developer was making excessive profits on the transaction.

Whether in the instant case the developer might be able to recover some reasonable compensation for the use of the land by the condominium as an entity is a question on which we express no opinion.