DOWNEY, Judge.
Appellants brought suit against appellees, which are several, condominium associations, seeking (1) judgment allowing appellants “to recover reasonable compensation for the use of the ‘Recreation Area’ by the Condominium as an entity”; (2) a declaration as to their rights “pursuant to the Florida Condominium Act”; (3) judgment against appellees for specific performance of an implied contract; (4) judgment for damages and costs.
It appears that the developer of the condominium units involved herein, Spring Lake of Broward, Inc., conveyed the fee simple title to certain property to condominium ownership. In addition, the developer also conveyed to condominium ownership for 99 years certain of the common elements, such as the swimming pool and club house, referred to as the recreation area. In closing the sale of the condominium units the developer required the unit owners to enter into leases and pay an annual rental for use of the recreation area. Several unit owners brought suit against the developer, as a result of which this court in Ackerman v. Spring Lake of Broward, Inc., Fla.App. 1972, 260 So. 2d 264, held said leases to be invalid. The rationale of said decision is set forth in the following statement from the opinion of the court:
“The issue of the validity of the leases between the developer and the unit owners presents a different problem. By the terms of the Declaration of Condominium, the recreation area was declared to be condominium property, and was submitted to condominium ownership for the 99-year period. Once this was done, the recreation area became part of the common- elements of the condominium during the term of the estate for years, and appurtenant to the condominium units. The developer then had no present possessory interest in the property which it could validly lease to the individual unit owners.”
Taking their cure from a gratuitous footnote in the Ackerman case, appellants brought this suit against the Condominium Associations. However, now that the matter is squarely before us for decision it is our opinion that the developer, having conveyed away all of his present possessory rights by virtue of the 99 year lease, had no present interest to grant to anyone. The quid pro quo is lacking to enable appellants to recover any sum as rent for the recreation area.
Because of the foregoing conclusion, we need not reach another serious question in this case, i. e., whether in all events such a cause of action would lie against these Condominium Associations.
Affirmed.
WALDEN, J., and SILVERTOOTH, LYNN N., Associate Judge, concur.