370 So.2d 1244 (1979)
CENTURY VILLAGE, INC., Appellant,
v.
WELLINGTON, E, F, K, L, H, J, M, AND G CONDOMINIUM ASSOCIATIONS, Appellees.
No. 77-2529.
District Court of Appeal of Florida, Fourth District.
May 23, 1979.
John B. McCracken of Jones, Paine & Foster, West Palm Beach, for appellant.
Rod L. Tennyson of Ombres, Powell, Tennyson & St. John, West Palm Beach, for appellees.
STETTIN, HERBERT, Associate Judge.
Appellant Century Village, Inc. along with Cenvill Communities, Inc. are the lessors of substantially identical 99-year leases of recreational facilities to the appellees. By a fifth amended complaint the appellees attacked the validity of the leases upon various grounds; including as to Count II, the allegation the lease agreements had first been executed by appellants and the appellee-condominium associations, therefore the property could not be leased again to the appellee-condominium unit owners individually. Count II of the fifth amended complaint sought declaratory judgment as to the rights and responsibilities of the parties under the leases with individual unit owners, and a declaration that they be held void.
Appellants moved to dismiss this count for failure to state a cause of action for declaratory relief. The motion was denied, as was a petition for rehearing, and they now seek relief by interlocutory appeal from the lower court's order which stated:
"6. Count II of the fifth amended complaint among other things seeks this *1245 Court to declare and adjudicate the plaintiffs' rights under the Long Term Recreational Lease and also to declare the Lease and its obligations to be unlawful and unenforceable as against the class plaintiffs relying primarily upon the case of Ackerman v. Spring Lake of Broward, Inc., 260 So.2d 264 (Fla. 4th DCA 1972). When one reads that case together with Wechsler v. Goldman, 214 So.2d 741 (Fla. 3d DCA 1968), it is apparent the terms of the Declaration of Condominium and the Lease in question are crucial. This Court set forth above certain provisions of each of those documents which incorporates the other. The Long Term Lease which is attached to the fifth amended complaint specifically provides in part as follows:
`I  DEMISE  The lessor does hereby lease, let and demise, but not exclusively so, and the lessee does hereby lease of and from the lessor, but not exclusively so, certain real property situate and lying in Palm Beach County, Florida, more particularly described as follows:'. Therein follows the legal description. (emphasis supplied)
VI  Use or (sic) Premises  Lessee does not have exclusive right of possession provides:
`It is understood and agreed between the parties hereto that the demised premises, during the continuance of this lease, may be used and enjoyed and occupied by the lessee on a non-exclusive basis, in common with other persons, entities, corporations who may be other lessees of the demised premises, primarily for recreational purposes, at all times subject to rules and regulations promulgated by the lessor or lessor's successor in interest in authority ...'
A justifiable issue exists as to whether the corporate defendants may submit to condominium ownership and use the recreational facilities on a non-exclusive basis and retain a sufficient possessory interest to lease the same."
Appellants claim that the recreation areas covered by the long term leases were never submitted to condominium ownership is refuted by the leases themselves, which clearly reveal a description of the property demised together with the intention to lease the property to the condominium association for condominium purposes, and the Declaration of Condominium incorporating the leases. That is "submission" sufficient for the purposes of withstanding a motion to dismiss.
More troublesome is the non-exclusive language of the demise clause in the lease. There appears to be no legal or logical reason why a lessor may not retain an interest in leased realty sufficient to permit releasing of the same property on a non-exclusive basis. See Boyer, Vol. 2 Florida Real Estate Transactions, 1977 Ed., § 35.03(3), p. 1215; 49 Am.Jur.2d Landlord and Tenant, § 226, p. 245; and 51C C.J.S. Landlord & Tenant § 311, p. 785. This is particularly true where the lease is to a condominium association, and the releasing to its individual members. Neither the case law nor the Florida Condominium Act forbids it.
Indeed, the appellees concede the unit owners are bound by their individually signed lease agreements but only as guarantors of performance by the condominium association. This interpretation is strained in light of clear language in the leases undertaking direct obligations by lessee-signatories. There is no doubt of rights or responsibilities on this point to be determined by declaratory judgment. Ackerman, supra, holds only that a lessor who retains no possessory interest in leased property may not thereafter validly lease it to others. Here the lessor did specifically retain a possessory interest.
The order denying the motion to dismiss Count II of the fifth amended complaint is therefore reversed for entry of an order of dismissal.
ANSTEAD and DAUKSCH, JJ., concur.