PER CURIAM.
By its orders No. 4074 and No. 4150, Docket No. 7697 -Eu, the respondent Florida Public Service Commission directed all electric utility companies to amend their tariffs to provide for the application of residential rates (as distinguished from commercial rates) for electric energy used in commonly-owned facilities in condominiums and cooperative apartment buildings, subject to the following criteria:
(1) 100% of the energy is used exclusively for the co-owners’ benefit.
(2) None of the energy is used in any endeavor which sells or rents a commodity or provides service for a fee.
(3) Each point of delivery will be separately metered and filled.
(4) A responsible legal entity is established as the customer to whom the company can render its bills for said service.
The orders of the Commission were reached after extensive hearings involving conflicting testimony and opinions by two experts on the subject of the application of proper rates for electric service.
Florida Power Corporation seeks review of the orders, contending that: (1) they are not supported by competent, substantial evidence that accords with logic and reason; and, (2) they depart from the essential requirements of law in that the application of residential rates to condominiums and cooperatives is discriminatory, preferential, unreasonable and arbitrary.
When submitted for appellate review here, orders of the respondent Commission are clothed with a presumption of validity. The extent of our judicial authority is to determine whether they accord with essential requirements of law and have record support in competent, substantial evidence. Tamiami Trail Tours, Inc. v. King, 143 So.2d 313 (Fla.1962); General Telephone Company of Florida v. Carter, 115 So.2d 554 (Fla.1959).
Petitioner recognizes the limits on our scope of review. It insists, however, that the electrical characteristics of service supplied to the subject commonly-used facilities, are those contemplated and accounted for in the design of a commercial type rate. Hence, they urge that the conclusion reached by the respondent is without support in logic and reason. On the other hand, one of the experts had the view that the characteristics of residential type electric service were consistent with the type of service supplied to the commonly-owned facilities of condominiums and cooperatives. Despite petitioner’s massive assault on the logic of this latter testimony, the respondent Commission accepted it as a guide to their judgment. By its order the Commission revealed that it had carefully evaluated the testimony of the two competitive experts as well as the electrical characteristics of the service required by the commonly-owned facilities. They concluded that they were consistent with the elements which enter into the structure of a residential rate. Within the scope of review available to us, we cannot find that this conclusion lacks logical and reasonable evidentiary support.
On petitioner’s second point, it appears to us that the criteria fixed as a guide to the applicability of the residential rate, sufficiently identifies and distinguishes a class of consumers to preclude an effective attack based on discrimination or arbitrary preference. It seems to us that these criteria sufficiently restrict the availability of the residential rate to a reasonable classification of consumers, and, therefore do not expose the petitioner’s rate structure to a wholesale assault by commercial users such as apartment houses and apartment-hotels.
The petition for certiorari is denied.
It is so ordered.
CALDWELL, C. J., DREW, THOR-NAL and ERVIN, JJ., and WHITE, Circuit Judge (Retired), concur.