PER CURIAM.
This is an interlocutory appeal by a condominium association corporation, the defendant below, from a partial summary judgment upholding the validity of a management agreement.
The owner who developed or constructed the condominium and who, prior to sale of the units to purchasers was the sole owner of and in control of the created condominium association, caused the association to enter into a management contract with the plaintiff corporation, for the management of the condominium by the latter. Those actions took place in 1968.
By §§ 711.03(2) and 711.12(1) Fla.Stat., F.S.A. it is provided that the operation of a condominium shall be by the association. The purchasers of the condominium units, after a certain period, renounced the management contract. The management corporation filed suit seeking a judgment declaring the management contract to be valid.
The purchasers of the units of a condominium, who become the members of the condominium association entity and from whose ranks it is then officered (§ 711.12(1) and (2) Fla.Stat., F.S.A.) could enter into a contract for management if they so chose, but this case necessarily involved the question of whether the management contract made by the owner-developer between the association and the management corporation (prior to the sale of the units to purchasers) was valid and binding upon the association when owned by the unit purchasers. See Point East One Condominium Corporation, Inc. v. Point East Management Corporation, Fla.App. 1972, 258 So.2d 322 (opinion filed this date).
Without ruling on the merits of the question or questions involved relating to the validity of the contract, the trial court, on May 25, 1971, entered the partial summary judgment holding the management contract was valid, on the ground that chapter 70-273, § 2, Laws of Florida 1970, had declared to be valid all condominium management contracts made by condominium associations prior to July 1, 1970. However, that statutory provision was repealed by the legislature in 1971, by chapter 71-322.
Accordingly, the judgment appealed from is reversed and the cause is remanded to the circuit court for further proceedings, for consideration and determination of the cause on the merits.
Reversed and remanded with directions.