## IMPERIAL TOWERS CONDOMINIUM, Inc., et al v. BROWN, et al.

No. 70-8810.

Circuit Court, Broward County.

April 4, 1973.

Henry M. Schmerer of Ruden, Barnett, McClosky, Schuster & Schmerer, Fort Lauderdale, and Kates & Ress, North Miami, for the plaintiffs.

Rex Conrad of Fleming, O'Bryan & Fleming, Fort Lauderdale, for the defendants.

STEPHEN R. BOOHER ,Circuit Judge.

This cause came on to be heard on the defendants' motion to dismiss plaintiffs' third amended complaint for equitable relief and damages, as amended. Several lengthy hearings were heard on this motion and after considering argument of counsel and the applicable law, the court rules on the motion as hereinafter stated.

This is a condominium case. Plaintiffs are the condominium association and five individual members of the association who are also unit owners and purchasers of condominium units in Imperial Towers Condominium. The individual plaintiffs bring the action in their own names and also as representatives of a class constituting all other members, unit owners and purchasers of units in Imperial Towers Condominium. The defendants are the developers of the condominium, the lessors of a ninety-nine year lease on land used for recreational purposes for the condominium, and former directors of the condominium association when the association was controlled by the developers.

The third amended complaint as amended is composed of nine counts and not all plaintiffs are suing all defendants in each count. The facts alleged, however, overlap the various counts and the complaint taken as a whole discloses that there is no misjoinder of parties or causes of action. RCP 1.250(a) provides that even if there was a misjoinder of parties that it is not a ground for dismissal of an action. RCP 1.110(g) permits joinder of causes of action including alternative and inconsistent causes of action. If it should later develop in the course of this action that there is a reason to separate any of the claims, then the court would consider at that time such action as may be deemed appropriate under RCP 1.250(a) and 1.270(b) which provide for severing claims and separate trials.

In the nine counts of the complaint causes of action are raised in the traditional legal areas of corporations, contracts, sales, torts, real property and statutory rights. While each count will be discussed separately and the law applicable in each field to the applicable count will be discussed, it should be noted that when the complaint is read in its entirety it becomes apparent that condominiums constitute in reality a separate body of law and what have been labeled as "counts" in the complaint are in reality specific matters that the plaintiffs are complaining about.

There are to date ten reported appellate cases in Florida concerning condominiums. For convenience these cases are listed in the

order that they were decided and will be referred to throughout the balance of this order by their short names —

Florida Power Corporation v. Mayo, 203 So.2d 614 (Fla. 1967). [*Florida Power*]

Fountainview Association, Inc. v. Bell, 203 So.2d 657 (Fla. 3 App. 1967), aff'd 214 So.2d 609 (Fla. 1968). [*Fountainview*]

Wechsler v. Goldman, 214 So.2d 741 (Fla. 3 App. 1968). [*Wechsler*]

Riviera Condominium Apartments v. Weinberger, 231 So.2d 850 (Fla. 3 App.), cert. dismissed, 238 So.2d 424 (Fla. 1970). [*Riviera*]

Hendler v. Rogers House Condominium, Inc., 234 So.2d 128 (Fla. 4 App. 1970). [*Hendler*]

Sterling Village Condominium, Inc. v. Breitenbach, 251 So. 2d 685 (Fla. 4 App.), cert. denied, 254 So.2d 789 (Fla. 1971. [*Sterling*]

Royal Atlantic Association v. Royal Condominium Managers, Inc., 258 So.2d 39 (Fla. 3 App. 1972). [*Royal [Atlantic*]

Point East Management Corp. v. Point East One Condominium Corp., 258 So.2d 322 (Fla. 3 App. 1972). [*Point East*]

Gable v. Silver, 258 So.2d 11 (Fla. 4 App.), aff'd 264 So.2d 418 (Fla. 1972). [*Gable*]

Ackerman v. Spring Lake of Broward, Inc., 260 So.2d 264 (Fla. 4 App. 1972). [*Ackerman*]

A reading of the above cases in their chronological order will disclose that the earliest cases, *Fountainview, Wechsler, Riviera,* and *Hendler,* are concerned with existing forms of causes of action and generally speaking hold in favor of developers against purchasers of condominium units because the pleadings as framed in those cases and the limitations of proof did not, generally speaking, fit grievances of condominium purchasers into existing causes of action.

In the more recent cases, *Sterling, Royal Atlantic, Point East, Gable* and *Ackerman* — which, generally speaking, favor the condominium purchaser over the developer — there appears to be a realization by the courts that condominiums are different from other legal subjects as they cut across traditional legal areas and should be treated in a new context as "condominiums".

The uniqueness of condominiums is also reflected in the Condominium Act, Florida Statutes Chapter 711, and the recently created Florida Condominium Commission. Laws of Florida, Ch. 72-171.

The *Sterling* case, 251 So.2d at 688, contains a summary of the history of condominiums and the economic impact and number of individuals involved in acquiring condominiums in Florida. This court also takes judicial notice of the fact that in Broward County and in South Florida generally there are an enormous number of condominiums, many of which are very large in size, and they virtually tend to "spring up" overnight. In fact, all of the aforementioned decisions involve condominiums in Dade, Broward and Palm Beach counties.

The courts of our state have the duty to redress the injuries alleged if plaintiffs can sustain their proof. See Florida Constitution, Art. I, §21. It should also be noted that only the first case involving condominium developers, *Fountainview*, was decided on the complaint only. All the other cases involved a trial on the merits. (In *Royal Atlantic* a partial summary judgment was reversed thus providing for a trial on the merits.)

It is the view of this court that for the reasons already stated the complaint as an entirety states a cause of action. The complaint is so framed so that all possible issues involving the purchasers of condominium units and the developers are before the court and all possible parties are likewise before the court.

Had this been the first condominium case to be brought in a Florida court and if there had not existed the ten cases cited above, this court would have ruled that this was a case of first impression and that a new common law cause of action has been created and a new body of law would have to be created relating to condominiums. In that respect it would be this court's view that when the condominium association and the individual purchasers of condominium units, individually, or being represented as a class, and the developer and all other parties related to the developer are before the court, then the plaintiffs have the right to have their alleged grievances presented at a trial with general principles of law governing whether or not the plaintiffs have in fact been injured and appropriate defenses afforded to the developer. See generally, Justice Ervin's dissent in *Fountainview*, 214 So.2d at 609.

While the latter group of cases cited above appear to be headed toward the recognition that condominiums are a new and different body of law, under principles of stare decisis, this court feels it must follow prior appellate cases which have ruled on identical points

raised in the complaint even through those cases do not appear to the court to be applicable to this complaint as framed or to a proper development of condominium law.

Therefore, because of these prior decisions, the court finds it necessary to discuss each count of the complaint separately in light of the specific objections raised by the defendants in their motion to dismiss applying the law of those cases which are applicable to a specific count.

Before beginning the discussion of each individual count, it should be noted that many of the specific objections of the defendants in their motion to dismiss claim that certain allegations are not detailed enough, do not state a legal theory and prayers for relief are inappropriate. These matters, however, are not properly considered on a motion to dismiss and therefore these items will not be specifically referred to in the following discussion. Fontainebleau Hotel Corp. v. Walters, 246 So.2d 563 (Fla. 1971). The following discussion on each count will be limited exclusively to the general legal theory upon which the count is predicated and the appropriateness of the specific parties to that count.

### Count I

In count I of the complaint the plaintiff, condominium association, is suing three individuals who were the directors of the association during the time the developer controlled the association. The condominium association alleges that the defendant directors breached their fiduciary duty to the condominium association by permitting omissions in the construction of the condominium, by permitting defects in the construction, by misappropriating funds, and by committing other improper acts. For the general law on fiduciary duties of promoters and directors of a corporation, see 7 Fla. Jur. *Corporations*, §§39-42, 299.

The defendants take the position that the *Fountainview* and *Wechsler* cases prohibit a suit for breach of fiduciary duty against the developer's directors because the developers had a right to act for their own financial profit. The court is of the opinion that that view is too broad to be secured from those cases and at best the defendants might have an affirmative defense along those lines. In the *Fountainview* case the Third District Court of Appeal and then the Supreme Court, per curiam, upheld the dismissal of a complaint by a condominium association against its former directors. The specific allegations in the *Fountainview* complaint were that the directors had entered into a lease and a management agreement with their affiliate companies prior to the time the purchasers of the condominium became members of the condominium association.

In the *Wechsler* case the condominium association tried to modify or cancel a recreation lease. Upon trial the plaintiff in *Wechsler* did no more than prove what the plaintiff in *Fountainview* alleged and the Third District affirmed the findings of the trial court for the same reasons enunciated in the *Fountainview* case.

Neither *Fountainview* nor *Wechsler* discussed whether a condominium association would have relief from prior directors if they did what is alleged in allegation 8 of the instant complaint, to-wit —

A. Permitting the omission of various items which were to be included in the construction of the condominium.

B. Permitting numerous defects in the construction of the condominium and permitting the construction to be done contrary to the plans and specifications and accepted construction and architectural standards of quality.

C. Wrongfully appropriating monies by not accounting for condominium property which was sold such as covered parking and a manager's apartment.

D. Permitting changes in the use of the condominium property by allowing changes in the number of parking spaces, deleting a manager's apartment and giving an unusual easement to Florida Power and Light Co.

E. Failing to collect maintenance assessments owed by the developer, allowing maintenance collections to be used for other than the benefit of the condominium association and diverting to their own use surplus funds of the condominium association.

It should be noted that the Third District Court of Appeal, which had upheld the dismissal of the *Fountainview* complaint, did not rule that *Fountainview* controlled *Wechsler* as a matter of law, but that the findings of fact after a trial were similar to the facts alleged in *Fountainview*. The Third District also recognized that it is a fact question to be determined at a trial in the subsequent cases, *Riviera* and *Point East*.

Other aspects of *Fountainview* and *Wechsler* and their possible application to the facts alleged in the instant complaint will be discussed under count II.

For the reasons stated herein and under count II, count I states a cause of action.

## Count II

Count II is virtually identical to count I except that count II also has as parties defendant the lessors of the ninety-nine year lease on

the recreational land. Count II limits plaintiffs' allegation of breach of fiduciary duty solely to the entering into the lease by the defendant directors with the defendant lessors.

The *Wechsler* case is of course bottomed on the *Fountainview* case, which in turn is bottomed upon the early Florida corporate case Lake Mabel Development Corporation v. Bird, 126 So. 356 (Fla. 1930). The ruling in the *Fountainview* case was that the defendant directors were not liable to the condominium association "because there were no other members actually belonging to the associations at that time." *Fountainview*, 203 So.2d at 658.

Allegation 13 of the instant complaint alleges —

> "At the time of the execution of the lease, the present members of the plaintiff corporation were members of the plaintiff corporation."

This allegation is directly opposite to the basis for the ruling by the *Fountainview* court. Of course it is an allegation which must be proved, but it does withstand a motion to dismiss.

The Fourth District Court of Appeal in the recent *Ackerman* case, 260 So.2d at 266 n. 1, pointed out that *Wechsler* was limited solely to the issue as to the developer's right to excess profit as opposed to an attack on the lease itself.

In the *Point East* case the plaintiff association sought relief from a ninety-nine year lease. Upon a trial on the merits the trial court ruled against giving the condominium association relief on the lease. While the Third District Court of Appeal affirmed the findings of the trial court, it noted 258 So.2d at 326 —

> "While the lease in question contains provisions which appear to be of a kind that might be expected to motivate a court of equity to grant relief therefrom to the associations upon which the lease was thus imposed, we affirm the ruling of the trial court with relation to the lease, on the grounds stated in the judgment as above quoted."

The portion of the trial court's judgment which was referred to in the above quotation was a finding that plaintiffs were limited by estoppel, the defendants had made full disclosure, the association and its members had knowledge, and the lease was ratified. These are all, of course, affirmative defenses which the defendants may raise in the instant case if they believe them to be applicable.

It should therefore be noted that the Third District Court of Appeal itself has recognized that the rule in *Fountainview* was limited to the exact complaint as framed in that case and was not applicable automatically to any type of situation. In the instant

complaint not only is the allegation different from *Fountainview* in that the present members of the plaintiff association were members at the time the lease was entered into, but also in addition to claiming excess profits made by the defendants in executing the lease, allegation 10 complains that the defendants permitted rent to be paid when the leased property was not properly constructed, and that the rate of rent is exorbitant.

For the reasons stated herein and under count I, count II states a cause of action.

## *Count III*

Count III is an action by all the plaintiffs against all the defendants for breach of the purchase agreements which the individual and class plaintiffs entered into with the defendants to acquire the plaintiffs' condominium units. The individual plaintiffs are proper party plaintiffs since they are individuals who entered into the agreements.

This is also an appropriate class action since the general rules applying to class actions have been complied with. RCP 1.220; Port Royal, Inc. v. Conboy, 154 So.2d 734 (Fla. 2 App. 1963). It is alleged in allegation 15 of the complaint that the class contains in excess of 1,000 persons, all the plaintiffs have a community of interest as shown by the condominium documents and the matters sought to be recovered are all matters which affect the common elements of the condominium, and the same essential facts are applicable to all members of the class. As disclosed by the final judgment in a prior proceeding between the parties which is attached to the complaint as exhibit A, under principles of collateral estoppel, the named plaintiffs are proper representatives of the class involved.

The *Hendler* case and Osceola Groves, Inc. v. Wiley, 78 So.2d 700 (Fla. 1955), relied upon by the defendants that a class action is not appropriate as to this count is inapplicable because those cases are limited solely to situations where a condominium association attempts to be the representative of the class, which is not the case, here, or where the cause of action is for misrepresentations, which is not applicable to this count.

The plaintiff condominium association is a proper party which may join in this action under RCP 1.210(a). It should be noted that it is alleged that the association is the entity responsible for the care and management of the common elements for which recovery is being sought.

The contract being sued upon is attached to the complaint as exhibits C-1 through C-5. Those exhibits are alleged in allegation

26 to be contemporaneous agreements which constitute a single overall agreement. See Holcomb v. Bardill, 214 So.2d 522, 524 (Fla. 4 App. 1968). While only one of the defendants has actually signed the agreement, allegations 19 through 5 allege that all of the defendants were the developers of the condominium, they acted in consort, and at all times material acted as principals and agents for each other.

Defendants take the position that the only document which plaintiffs could sue upon is exhibit C-1 because of the recitations in paragraph 15 of that exhibit that —

"Renderings, brochures or the like, shall not be deemed representations, and it is mutually agreed that this Agreement represents the entire Agreement between the parties and no representations or inducements prior thereto which are not included and embodied in this Agreement shall be of any force and effect."

That language however is inconsistent and contrary to paragraph 5 of exhibit C-2 which states —

"While the representations and renderings contained in the brochure are not a part of the Purchase Agreement, we are committed to deliver all of the items specified therein as included in the purchase price . . ."

Because of the ambiguity between the documents, for pleading purposes, plaintiffs have properly alleged that all exhibits constitute the agreement. Count III properly states a cause of action.

### Count IV

Count IV is an action by all the plaintiffs against all the defendants for breach of implied warranty. For the reasons already stated, the parties are proper parties to this count.

The *Gable* case is controlling as to this count which expressly permits condominium owners to sue under implied warranty for construction defects caused by the developer.

Defendants take the position that all of the items alleged as being breaches of implied warranty do not appropriately fall within that category. But a motion to dismiss does not reach such defects as there are sufficient items alleged upon which implied warranty would be applicable. Many of the items listed in allegation 8 of the complaint, which is incorporated into this count, affect the air conditioning system which was the very subject matter on which implied warranty was permitted in the *Gable* case.

Plaintiffs have stated a cause of action.

## Count V

Count V is an action for misrepresentaion and involves all the plaintiffs suing all of the defendants. The unique matter presented in this count is whether or not this action may be maintained as a class action or by the condominium association.

It is the opinion of the court that the reasons previously stated supporting the right for a class action are just as applicable to this count as they are to the other counts involving class action. However, the court is aware that the Fourth District Court of Appeal in *Hendler,* 234 So.2d at 130, stated —

"Count III, seeking to assert a cause of action based upon fraud and deceit, is inappropriate for a class acton. Osceola Groves v. Wiley, Fla. 1955, 78 So.2d 700".

Although the Fourth District did not elaborate on its reasoning other than citing the *Osceola* case, it is still the ruling of the Fourth District. However, this court would point out that *Osceola* does not appear to recite such a broad rule. The specific language in the *Osceola* case at page 702 follows —

"In the instant case we note particularly that each of the alleged numerous purchasers of units of land acquired his interest under separate contracts with the defendant and it does not appear that in these contracts was any provision showing a cooperative enterprise or any showing that a purchaser had a pecuniary interest in any development of lands other than those covered by his own contract."

The *Osceola* case involved the sale of orange groves wherein the seller was to manage the orange groves for each of the purchasers. Each purchaser had an independent and separate contract relating to the management of the orange grove relating to his particular purchase.

In the instant case while each purchaser had a separate contract with the defendants the very nature of the contracts and recitations in them relate to the cooperative nature of the sale of the condominium. All purchasers became members of one condominium association and all had an undivided interest in the common elements with easements to each other's condominium unit for purposes of serving the common elements. It is thus this court's view that the very nature of condominiums and the facts alleged in the instant complaint are dissimilar to the facts involved in *Osceola* and the ruling in the *Oceola* case.

This court is also aware that the *Hendler* case held that the condominium association was not a proper party to bring a class action.

It appears to this court, for the reasons stated at the beginning of this order, that condominiums by their nature require a different application of previously established rules of law and that the trend is to recognize condominiums as a different body of law. Because the condominium association is, by statute and the condominium documents, the entity which has the broad duty to take care of the common elements, and because the misrepresentations alleged involve the common elements, it would appear that the association should be able to enforce the rights of its members as they are applicable to the common elements.

Were it not for the *Hendler* case this court would uphold the class action and the condominium association as being proper plaintiffs to this count. Because of *Hendler*, however, this court must reductantly dismiss the class and condominium association from this count.

The individual plaintiffs in their own right are proper party plaintiffs to this count and the dismissal of the class and condominium association does not affect them. Gordon Finance, Inc. v. Belzaguy, 216 So.2d 240 (Fla. 3 App. 1968). Also the *Fountainview* case recognized that individual purchasers of condominium units might have an action for fraud or misrepresentation. 203 So.2d at 658, n. 1.

## Count VI

Count VI is an action by all the plaintiffs against the defendant lessors seeking a declaratory judgment as to whether or not the lease is valid since it is alleged that the lease covers land which the condominium documents state were a common element of the condominium.

This was the very issue decided in favor of the condominium owners in the *Ackerman* case and thus states a cause of action.

## Count VII

Count VII is virtually identical to Count VI except that it involves the pledge agreement. The *Ackerman* case likewise governs this situation and a cause of action is stated.

## Count VIII

Count VIII is an action by all the plaintiffs against all the defendants seeking equitable relief from unconscionable documents. It is alleged in allegation 58 that the parties agreed that the Uniform Commercial Code was applicable to the transaction between the

parties and therefore F. S. §672.2-302 permitting a court to give equitable relief for unconscionable clauses or contracts is applicable. It should be noted that although the pledge agreement, which contains the reference to the UCC, is a form of secured transaction, F.S. §679.9-206(2) makes the sales part of the UCC applicable to secured transactions.

Plaintiffs have also alleged in allegations 55 and 56 that defendants are merchants within the meaning of the UCC and the plaintiffs were purchasers of consumer goods. It should be noted that in the *Florida Power* case the Supreme Court recognized that commonly owned facilities of condominiums were residential in nature.

The plaintiffs have also alternatively alleged that independent of the UCC they are entitled to equitable relief on these documents. It should be noted that F.S. §672.1-103 provides that the UCC does not replace general principles of law. However, the UCC does reflect the public policy of the state. See the discussion in the *Gable* case.

Equitable review of unconscionable contracts has always been the common law of this state. Dale v. Jennings, 107 So. 175 (Fla. 1926); Horne v. Sewell, 118 So.2d 643 (Fla. 1 App. 1960); 22 U. Miami L. Rev. 121 (1967).

It should also be noted that as applied to condominium documents there may very well be clauses in those documents which require equitable relief. See *Point East* majority and concurring opinions.

Plaintiffs have stated a cause of action as to this count under the UCC and the common law.

### Count IX

Count IX is an action by all the plaintiffs against all the defendants for misrepresentations made under the Florida Securities Law. Plaintiffs have alleged in allegations 61 and 62 that exhibits C and D to the complaint constitute a security as does membership in the condominium association. F.S. §517.02(1) defines a security under the Florida Securities Law. That definition is broad enough to encompass plaintiffs' allegations.

Reinforcing that view is the statement in the *Fountainview* case, 203 So.2d at 659, that condominium associations could have been organized as corporations for profit and the conduct of the promoters is governed by the rules applicable to private corporations

for profit and the same principles of law are applicable to them. The Fourth District Court of Appeal has also recognized the investment aspect of condominiums in the *Sterling* case, 251 So.2d at 688, where the court pointed out that the condominium documents "ought to be construed strictly to assure these investors [buyers] that what the buyer sees the buyer gets." Of course, it is plaintiffs' burden to prove at the trial that those documents are in fact securities as defined by the statute.

§§517.23 and .25, Florida Statutes, provide that the civil remedies and jurisdiction of the courts of this state for violations of security laws are the same as under the United States Securities Laws. If plaintiffs can sustain violations of the Florida Security Laws they are entitled to the remedies provided by §10 (b) of the Securities Act of 1934, 15 U.S.C. §78 j (b), including reasonable attorney's fees.

Although this count is an action for misrepresentations, the *Hendler* case is not applicable to the class plaintiffs or condominium association because §§517.23 and .25 expressly provide that the same remedies and jurisdiction of the courts are the same as under the United States Security Laws. Class actions are common actions for misrepresentations under the security laws of the United States in the United States courts. E.g., Green v. Wolf Corporation, 406 F.2d 291 (2 Cir. 1968); Herbst v. Able, 47 F.R.D. 11 (S.D. N.Y. 1969); Mersy v. First Republic Corporation of America, 43 F.R.D. 465 (S.D. N.Y. 1968); Fisher v. Kletz, 41 F.R.D. 377 (S.D. N.Y. 1966).

The condominium association is a proper plaintiff in this count as there is no reason to believe that under the United States Law it would not be able to join in this action as an additional party plaintiff. There of course can only be one recovery and the condominimum association is the logical party which should be entrusted with the funds. The funds are to benefit the entire condominium and the common elements and increase the value of each individual owner's share of the condominium.

The plaintiffs have stated a cause of action as to this count.

For the reasons stated it is therefore ordered —

(1) Defendants' motion to dismiss the third amended complaint as amended is granted to the extent that as to count V the plaintiff class and plaintiff, Imperial Towers Condominium, Inc., are dismissed with prejudice.

(2) Defendants' motion to dismiss the third amended complaint as amended is denied as to counts I, II, III, IV, VI, VII, VIII and

IX and as to count V as it affects the individual plaintiffs, John R. Smith, Louis Bogad, Sol Cooper, Ben Saltzman, Francis Schwartz.

(3) Defendants shall serve their answer to the third amended complaint, as amended, within twenty days from the date of this order.

\* \* \* \* \* \* \*

\* \* \* \* \* \* \*

## COUNT I
### (BREACH OF FIDUCIARY DUTY AS TO OMISSIONS, CONSTRUCTION DEFECTS AND MISAPPROPRIATIONS)

The Plaintiff, Imperial Towers Condominium, Inc., a Florida corporation not for profit, sues the Defendants, Samuel T. Brown, Jack Steinberg and Roy Myers, hereinafter collectively called Defendant Directors, and alleges:

1. This is an action for an accounting and other equitable relief.

2. The Defendant Directors, at all times material hereto, comprised the Board of Directors of Imperial Towers Condominium, Inc. and so acted until the 19th day of March, 1971, when they were permitted to resign said position by a Judgment of this Court entered in Case No. 71-1366 "J" Booher, a copy of said Judgment being attached hereto as Exhibit A.

3. During the entire time that the Defendant Directors were directors of Imperial Towers Condominium, Inc., the Defendants were also directors, officers, and had a pecuniary interest in the following certain business entities known as: Imperial Towers Development Corporation; Sam Brown & Associates; Samuel T. Brown and Bess Brown, his wife, individually and as Trustees; and "Roy Jack Dev. Co." (also known as "Roy Jack Construction Co., Inc." which said company is on information and belief not incorporated but is a business entity engaged in by the Defendants Roy Myers and Jack Steinberg). Said business entities were the builders, developers, and creators of the condominium project known as Imperial Towers Condominium, and who were receiving a profit from the sale of condominium units, creation of leaseholds, construction contracts, and otherwise in the development of Imperial Towers Condominium.

4. The Defendant Directors, at all times from the beginning of the subject condominium project intended to, and did, offer interests in the Plaintiff corporation to the general public.

5. At all times material hereto that Defendant Directors were the directors of Imperial Towers Condominium, Inc., the present members of Imperial Towers Condominium, Inc., were members of Imperial Towers Condominium, Inc. The present members and directors of Imperial Towers Condominium, Inc. did not learn of the acts of the Defendant Directors, hereinafter recited, until Defendant Directors ceased being directors of Imperial Towers Condominium, Inc.

6. As members of the Board of Directors of Imperial Towers Condominium, Inc., the Defendant Directors occupied a position of trust and had a fiduciary relationship with and had a fiduciary duty to the Plaintiff.

7. The Defendant Directors breached the aforesaid fiduciary duty by acting in their own personal interest and for their own personal gain or the business entities aforesaid by promoting, authorizing, instigating, and condoning the following acts or omissions to the detriment and damage of the Plantiff, and further by disregarding the interest of the Plaintiff.

8. The Defendant Directors acted as described in the allegation·above in the following particulars:

A. That in order to increase the benefit and profit to themselves or to their above-named entities, and at the cost, expense and damage of the Plaintiff, the Defendant Directors permitted the developer and contractors to omit and fail to provide numerous items which were to be a part of the condominium development, including in particular:

(1) Failed and refused to build a separate laundry room on each floor of each condominium apartment building.

(2) Failed and refused to build a "majestic" recreation center that would be large enough to accommodate all the needs and requirements of the residents of the condominium and provide full recreational facilities.

(3) Failed and refused to provide a private fishing dock.

(4) Failed and refused to properly build condominium buildings and appurtenant structures.

(5) Failed and refused to provide adequate parking spaces.

(6) Failed and refused to properly provide, or to adequately provide, swimming pool, shuffleboard courts and other improvements.

B. That in order to increase the benefits and profits to themselves or to their said business entities, and at the cost, expense and damage of the Plaintiff, the Defendant Directors permitted the developer and contractors to construct the condominium apartment buildings and appurtenant structures with numerous defects and contrary to the plans and specifications and accepted construction and architectural standards of quality, design, material and workmanship, including in particular:

(1) Corridor doors which empty on to smoke vestibules at each end of Buildings #1 and #2 on all floors, except the ground floor, do not meet fire code requirements, National Fire Protection Association Section 11-80-46, paragraph 1102(1) and (2).

(2) Door of the trash chute in the trash room is not supplied with a fuseable length and counter weight as called for by the fire code.

(3) Sprinkler heads are not installed at alternate floors.

(4) Forty horsepower 750-GPM Fairbanks-Morse booster pump for the fire system in each building has been omitted.

(5) Fire mains are not properly identified.

(6) Emergency lighting systems for smoke towers as required by the South Florida Building Code, Section 3112.2 have been omitted.

(7) Domestic water pressure system overflow has been omitted.

(8) Certain portions of the sanitary sewer pipe do not meet code requirements.

(9) Ten inch round clay pipe cast and slab canopy drain in the entry canopy has been omitted.

(10) Access to canopy roof has been improperly installed.

(11) Cooling towers are deteriorating, vibrating, inadequate, and no provision for heating coils.

(12) Column guard angles are fastened to columns by ramset studs instead of anchor bolts cast into the columns.

(13) Stucco is loose around movement cracks in exterior walls and columns, and in stairwells.

(14) Piping passing through wall and floors has not been sleeved as required by the South Florida Building Code, Section 4603.8(c); also, excess space around all plumbing pipe, electrical conduit, and air conditioning ducts between floors have not been filled in.

(15) Roof leaks around the fire main stand pipe in the West penthouse storeroom, Building #1; also, the chill water line drips into West penthouse storeroom. Threaded connection to the fire main in Building #2 at the landing between the first and second floors of the center stairwell leaks.

(16) Cold water supply pipes ·running under the garage ceiling leak in several locations.

(17) Lead flashings on the roof vent stacks have not been properly folded over the pipe and some are cut. Both conditions allow water to enter the building. On Building #2 the roof drain in front of the air handling unit room door was placed too close and has been broken.

(18) Penthouse laundry dryer, Building #1, is not vented.

(19) The air conditioning grill and switchbox cover are loose in the main laundry room on the ground floor.

(20) Light switch in penthouse meter room, Building #1, has been omitted.

(21) Exhaust fans are vibrating east, and/or west from center stairwell roof doors, Buildings #1 and #2.

(22) Door to TV antenna room is not fitted properly and light switch and lock have been omitted.

(23) Several meter corridor doors have not been properly fitted, especially in Building #1, and generally at the east end. The painting of these appears to have been with vinyl and has not been adequately applied and is peeling off. The tops and bottoms of doors have not been painted, only primed. The hinge pins are still up on some doors and on some the screws are missing. The hardware, in most cases, is speckled with paint. In a like manner, the fire hose cabinets are not adequately painted.

(24) In several locations, sections of the concrete forms and tie-straps have not been removed, i.e. garage, storerooms and meter room ceilings.

(25) There is loose tile on the lobby floor.

(26) There is inadequate coverage of most painted surfaces.

(27) Paving is settling around pile caps and where utility trenches were placed.

(28) The roof does not drain adequately to the roof drains. There are quite a few large puddles which stand long after rain. There are many bare, ungraveled spots in places where edges of the paper turn up through the gravel.

(29) The pool patio is badly cracked in numerous places. There are patches which have been cut out to repair pool leaks.

(30) Pool light electrical connections are inoperative.

(31) There are numerous cracks in the recreation building. Main entrance steps are settling away from the building. The stucco is loose at the cracks.

(32) Patio, sundeck and walkway keystone topping is coming off in large areas.

(33) Wall Boards in all bathrooms in recreation area have been improperly installed.

(34) No protection from rain provided at openings at ends of each corridor.

(35) Main sewer lines from both buildings do not connect individually to public sewer lines but connect with each other and cause sewage overflow at and into the common areas of Building #1.

(36) Roof is not 4 ply and is not 20 year bond.

(37) Exterior window aluminum frames permit entry of rain.

(38) Exterior walls have cracks and continue to develop new cracks.

C. That in order to increase the benefits and profits to themselves or to their said business entities, and at the cost, expense and damage to the Plaintiff, the Defendant Directors permitted the developer to wrongfully appropriate monies out of the sale of portions of the condominium property in violation of the condminium documents, in violation of the plan of development of the condominium, and to the detriment and loss of the Plaintiff, to-wit: the developer sold and kept the proceeds from the sale of covered parking and a manager's apartment which were common elements.

D. That in order to increase the benefits and profits to themselves or to their said business entities, and at the cost, expense and damage to the Plaintiff, the Defendant Directors permitted the developer to divert and change the use of property in violation of the plan of the development of condominium, to-wit: the developer changed the number of parking spaces, deleted a manager's apartment and gave an unusual easement to Florida Power and Light Co.

E. That on information and belief, in order to increase the benefits and profits to themselves or to their said business entities, and at the cost, expense and damage to the Plaintiff, the Defendant Directors failed

142

to collect certain sums owed by the developer for maintenance assessments on condominium apartments owned by the developer; allowed the use of the maintenance collections for other than the benefit of Imperial Towers Condominium, Inc. or its members and have wrongfully diverted to their own use surplus funds of the Plaintiff.

*Wherefore,* the Plaintiff prays:

A. That Plaintiff have an accounting from the Defendant Directors and that the damages which the Plaintiff has sustained by reason of the matters and things in this Complaint complained of be ascertained and determined and that the Defendant Directors be adjudged and directed to pay the damages therefor to the Plaintiff, together with the cost of this action.

B. That the Plaintiff have such other and further relief as this Court may deem proper in the premises.

## COUNT II
### (BREACH OF FIDUCIARY DUTY AS TO LEASE)

The Plaintiff, Imperial Towers Condominium Association, a Florida corporation not for profit, hereinafter referred to as the Plaintiff Corporation, sues the Defendants, Samuel T. Brown, Jack Steinberg, and Roy Myers, hereinafter collectively called Defendant Directors, and Samuel T. Brown and Bess Brown, individually and as Trustees, hereinafter collectively called Defendant Lessors, and alleges:

9. Plaintiff Corporation realleges allegations 1 - 7 inclusive.

10. The Defendant Directors acted as described in allegation 7 above by causing the Plaintiff Corporation to enter into the ninety-nine year lease, attached hereto as Exhibit B, when the Defendant Directors knew or should have known that the ninety-nine year lease contained the following material obligations and undertakings which were not in the best interest of the Plaintiff Corporation:

A. The ninety-nine year lease demised and required rent and other financial obligations for property improperly and deficiently constructed.

B. The ninety-nine year lease was made without proper disclosure of the financial benefits and profits accruing to the Defendant Directors and the secret profit made in that transaction.

C. The ninety-nine year lease provided for a rate of rent which is exorbitant and so grossly in excess of the rental value of the property demised so as to shock the conscience of the Court.

D. There were presently and prospectively other members of the Plaintiff Corporation, who had not been advised of or consented to such dealings and transactions.

E. The transaction was to the personal benefit and advantage of the Defendant Directors and their respective business entities and detrimental to the best interests of the Plaintiff Corporation.

11. The Defendants, Samuel T. Brown and Bess Brown, individually and as Trustees, were the Lessors of the subject ninety-nine year lease.

12. The Defendant Directors, and Defendant Lessors never intended that the negotiation, and execution of the subject ninety-nine year lease should be an arms length transaction and the Defendant Directors never intended to properly protect the interests of the Plaintiff. At the time of the execution of the lease, the Defendant Directors dealt with the Plaintiff Corporation and with themselves when, in fact, their personal interest and the interests of the Plaintiff Corporation were adverse in that the Defendant Directors are and were the direct beneficiaries of the benefits and profits accruing from the ninety-nine year lease, in that Defendant Lessors were at all times agents for and trustees of the interests of the Defendant Directors.

13. At the time of the execution of the lease, the present members of the Plaintiff Corporation were members of the Plaintiff Corporation.

14. The Defendant Directors at all times knew that they were acting as fiduciaries for Plaintiff Corporation and members of Plaintiff Corporation, condominium unit owners and would, and in fact did, relinquish all authority, control, and interest in the Plaintiff Corporation after all of the condominium units were sold.

*Wherefore,* Plaintiff prays:

A. The ninety-nine year lease be reformed to contain the terms that would have been included if the Defendant Directors had not improperly dealt with themselves.

B. That an accounting be had to ascertain the damages to be awarded to the Plaintiff Corporation together with the cost of this action.

C. The Court grant such other relief as is deemed equitable and proper.

## COUNT III

### (BREACH OF CONTRACT)

Plaintiffs, John R. Smith, Louis Bogad, Sol Cooper, Ben Saltzman, Francis Schwartz, individually and as members of, unit owners in and purchasers of Imperial Towers Condominium, on behalf of all other members, unit owners and purchasers, and Imperial Towers Condominium, Inc., sue the Defendants, Samuel T. Brown, Jack Steinberg, Roy Myers, Bess Brown, Imperial Towers Development Corp., and Samuel T. Brown, d/b/a Sam Brown & Associates, Jack Steinberg and Roy

Myers, d/b/a Roy Jack Dev. Co. a/k/a Roy Jack Construction Co., Inc., and Samuel T. Brown and Bess Brown, individually and as Trustees and allege:

15. The individual Plaintiffs bring this suit on behalf of themselves and other similarly situated to wit: Purchasers of condominium units, condominium owners in Imperial Towers Condominium and members of Imperial Towers Condominium, Inc. the entity responsible for the operation of Imperial Towers Condominium. The class of all of such purchasers, unit owners and members number in excess of 1,000 persons and are thus so numerous as to make it impracticable to bring them all before this Court. The named Plaintiffs are all condominum purchasers, unit owners and members of and in Imperial Towers Condominium. The subject of this action presents questions of common or joint interests to the class and there is a common right of recovery based on the facts hereinafter alleged.

16. John R. Smith, Louis Bogad, Sol Cooper, Ben Saltzman and Francis Schwartz were appointed conservators to operate and manage Imperial Towers Condominium, Inc. and determined to be proper representatives of the class by judgment of this Court entered in Case No. 71-1366, a copy of which is attached hereto as Exhibit A.

17. Imperial Towers Condominium is a condominium development wherein through the provisions of Chapter 711, Florida Statutes, The Condominium Act, each member of the Plaintiff class owns certain land and improvements in common with each other, the maintenance of which is a cooperative enterprise and each has a pecuniary interest in land and improvements other than those covered by his own contract or unit.

18. Plaintiff, Imperial Towers Condominium, Inc. joins in this action as an additional party Plaintiff as Plaintiff is the entity responsible for the care and management pursuant to The Condominium Act for the matters complained of herein. In addition, Plaintiff Corporation is the proper entity to receive any award of damages for the benefit of the other Plaintiffs and to reimburse Plaintiff Corporation for matters Plaintiff Corporation has been or will be required to expend sums to repair, replace or to build.

19. Defendant, Samuel T. Brown, individually and as Trustee, was at all times material hereto an officer, director, and stockholder of Imperial Towers Development Corporation, one of the developers of Imperial Towers Condominium; was and is at all times material hereto one of the lessors under the ninety-nine year lease attached hereto as Exhibit B; and was at all times material hereto doing business as Sam Brown & Associates, one of the developers of Imperial Towers Condominium; and was a developer of Imperial Towers Condominium.

20. Defendant, Bess Brown, individual and Trustee, is the wife of Sam Brown and is and was at all times material herein one of the lessors under the ninety-nine year lease; on information and belief is engaged in business as one of the associates of Sam Brown & Associates; and, was a developer of Imperial Towers Condominium.

21. Imperial Towers Development Corporation is one of the developers of Imperial Towers Condominium.

22. Defendant, Roy Myers, is or was at all times material herein one of the developers of Imperial Towers Condominium; and, is or was doing business as Roy Jack Dev. Co., also known as Roy Jack Construction Co., Inc., which entity was never incorporated, one of the builders of Imperial Towers Condominium.

23. Defendant, Jack Steinberg, is or was at all times material herein one of the developers of Imperial Towers Condominium; is or was doing business as Roy Jack Dev. Co., also known as Roy Jack Construction Co., Inc., which entity was never incorporated, one of the builders of Imperial Towers Condominium.

24. At all times material herein, all of the Defendants acted as principals and agents for each other.

25. The Defendants conceived of, created and developed Imperial Towers Condominium.

26. Defendants entered into an Agreement with the Plaintiffs attached hereto as Exhibits C-1 through C-5 inclusive. All of the representations, obligations and undertakings that are included in and are a part of Exhibits C-1 through C-5 were made contemporaneously with each other and with the purchase transaction so as to constitute a single overall Agreement.

27. Plaintiffs have at all times performed all of the stipulations, conditions and terms contained in the Agreement on the part of the Plaintiffs to be kept and performed.

28. Defendants have breached said Agreement by failing and refusing to perform said Agreement in the particulars itemized in allegations 8 A, 8 B and 8 D above causing the Plaintiffs to be damaged thereby including damage to common floors, walls, and furnishings caused by flooding from rains and sewage.

*Wherefore*, Plaintiffs demand damages from the Defendants in excess of the thousand ($10,000.00) dollars, together with the cost of this action.

## COUNT IV
### (BREACH OF IMPLIED WARRANTY)

Plaintiffs, John R. Smith, Louis Bogad, Sol Cooper, Ben Saltzman, Francis Schwartz, individually and as members of, unit owners in and

purchasers of Imperial Towers Condominium, on behalf of· all other members, unit owners and purchasers, and Imperial Towers Condominium, Inc., sue the Defendants, Samuel T. Brown, Jack Steinberg, Roy Myers, Bess Brown, Imperial Towers Development Corp., and Samuel T. Brown, d/b/a Sam Brown & Associates, Jack Steinberg and Roy Myers, d/b/a Roy Jack Dev. Co. a/k/a Roy Jack Construction Co., Inc., and Samuel T. Brown and Bess Brown, individually and as Trustees, and allege:

29. Plaintiffs reallege allegations 15 through 28 inclusive.

30. At the time of entering into the Agreement, Defendants had reason to know, and did know, the particular purpose for which Plaintiffs would use the items referred to in allegation 28. Plaintiffs relied upon the skill and judgment of the Defendants to carry out and suitably provide those items.

31. Defendants impliedly warranted to Plantiffs that those items would be fit for Plaintiffs purpose and properly constructed and provided.

32. Shortly after Plaintiffs took possession of the condominium, Plaintiffs discovered the defects listed in allegation 28, which defects were latent and undetectable upon ordinary inspection or were of such a nature that their nonavailability or usefullness were not immediately apparent, and Plaintiffs immediately gave Defendants reasonable notice thereof.

33. Defendants breached said warranties and Plaintiffs have suffered damages as a direct result of Defendants' breach.

*Wherefore,* Plaintiffs demand damages from the Defendants in excess of ten thousand ($10,000.00) dollars, together with the cost of this action.

COUNT V
(MISREPRESENTATIONS)

Plaintiffs, John R. Smith, Louis Bogad, Sol Cooper, Ben Saltzman, Francis Schwartz, individually and as members of, unit owners in and purchasers of Imperial Towers Condominium, on behalf of all other. members, unit owners and purchasers, and Imperial Towers Condominium, Inc., sue the Defendants, Samuel T. Brown, Jack Steinberg, Roy Myers, Bess Brown, Imperial Towers Development Corp., and Samuel T. Brown, d/b/a Sam Brown & Associates, Jack Steinberg and Roy Myers, d/b/a Roy Jack Dev. Co. a/k/a Roy Jack Construction Co., Inc., and Samuel T. Brown and Bess Brown, individually and as Trustees, and allege:

34. Plaintiffs reallege allegations 15 through 25 inclusive. This is an action for the equitable relief of reformation and for damages in excess of $10,000.00.

35. That in order to induce the Plaintiffs to enter into the Agreement referred to in allegation 26, the Defendants willfully made the material written misrepresentations, as more fully described in allegation 28.

36. That in order to induce the Plaintiffs to enter into the Agreement referred to in allegation 26, the Defendants willfully made the following material oral misrepresentations:

A. That the condominium buildings would each have installed therein at the cost of the developer emergency generators to provide electrical current for all facilities upon power failure.

B. That each building in the Imperial Towers Condominium would each have its own resident manager, who, as part of his compensation, would be furnished with an apartment by the developer.

C. Any third building known as Imperial Towers North would be constructed by the developer at a height not to exceed four stories including ground floor level and that said building would be used solely for the purpose of housing a restaurant, stores and professional offices only and would not be for the purpose of resident condominium units.

37. That in order to induce the Plaintiffs to enter into the Agreement referred to in allegation 26, the Defendants willfully failed to disclose the following material facts concerning the ninety-nine year lease:

A. That the lease would contain lien rights in favor of the Defendants on the Plaintiffs' individual apartment units which could result in a divesture of title therein.

B. The recreation center, demised under the ninety-nine year lease, would be inadequate to provide the services and recreational facilities promised by the Defendants.

C. The rental rate was grossly in excess of the value of the property demised.

D. The Defendants made a secret profit.

38. That in order to induce the Plaintiffs to enter into the Agreement referred to in allegation 26, the Defendants willfully failed to disclose the following material facts concerning the easement Defendants gave to Florida Power and Light:

A. That the easement was through a main area of the common elements.

B. That the easement permitted use for power lines unrelated to Imperial Towers Condominium.

C. That the easement would permit extended periods of time that Florida Power and Light would be having trucks, generators and employees present.

D. That the easement would permit Florida Power and Light to block parking spaces.

E. That the easement would permit Florida Power and Light to make excessive noise including at night.

F. That the use of the easement would cause damage to the parking lot surface.

39. That the Defendants knew or with the exercise of reasonable diligence should have known that the representations set forth in allegations 35 and 36 were false and material, and that the failure to make the disclosures set forth in allegations 37 and 38 were material.

40. That the Plaintiffs relied upon the above representations and omissions of the Defendants in purchasing their condominium apartments from the Defendants.

41. That the Plaintiffs have been damaged to the extent that the representations and omissions were untrue and were not made including damage to common floors, walls, and furnishings caused by flooding from rains and sewage.

42. All of the foregoing acts of the Defendants were done intentionally, willfully, and with complete disregard for the rights of the Plaintiffs with Defendants knowing that the Plaintiffs would be damaged as a result thereof.

*Wherefore,* Plaintiffs pray:

A. That compensatory and punitive damages be awarded from the Defendants in excess of the sum of ten thousand ($10,000.00) dollars, together with the cost of this action.

B. The ninety-nine year lease be reformed to contain the proper terms.

C. The Court grant such other relief as is deemed equitable and proper.

## COUNT VI

### (DECLARATORY JUDGMENT AS TO LEASE)

Plaintiffs, John R. Smith, Louis Bogad, Sol Cooper, Ben Saltzman, Francis Schwartz, individually and as members of, unit owners in and purchasers of Imperial Towers Condominium, on behalf of all other members, unit owners and purchasers, and Imperial Towers Condominium, Inc., sue the Defendants, Samuel T. Brown and Bess Brown, individually and as Trustees, and allege:

43. Plaintiffs reallege allegations 15 through 17 inclusive.

44. Plaintiff, Imperial Towers Condominium, Inc., is the entity responsible for the care and management of the Condominium pursuant to the Declaration of Condominium, Plaintiffs' Exhibit D attached hereto, and the Condominium Act; is the entity responsible to enforce by legal means the provisions of the condominium documents according to Article III, 2 (g) of its Articles of Incorporation (see Exhibit D to Plaintiffs' Exhibit D attached hereto); and, is the lessee of the ninety-nine year lease, plaintiffs' Exhibit B attached hereto.

45. The Defendants are the lessors of the above-cited ninety-nine year lease, were the principals of their agent, Imperial Towers Development Corp., the entity which submitted the Declaration of Condominium, and were joint venturers, partners and co-developers of the Condominium with Imperial Development Corp.

46. The parties are in doubt as to the validity of said lease and the obligations of the Plaintiffs, if any, under the lease for the reasons that Articles IV and XIV of the Declaration of Condominium provides that the land area which is the subject matter of the lease is a common element of the Condominium.

47. It is Plaintiffs' position that as a result of the above-recited provisions of the Declaration that the Defendants then had no present possessory interest in the property which they could validly lease and all documents entered into by the parties and payments made by the Plaintiffs to the Defendants relating to the lease were done by mistake.

*Wherefore,* Plaintiffs pray:

A. That the Court declare that the subject lease is invalid and of no force and effect.

B. That the Court declare that the land area which is the subject matter of the lease is a common element of the Condominium for a period of 99 years from the date the Declaration of Condominium was recorded.

C. That the Court negate all documents, or parts thereof, which purport to give to the Defendants any lien rights or other rights in Plaintiffs' property inconsistent with the Court's declarations.

D. That the defendants be required to repay to Plaintiffs all sums Plaintiffs have erroneously paid to the Defendants.

E. That the Plaintiffs have such other and further relief as this Court may deem proper in the premises.

## COUNT VII
### (DECLARATORY JUDGMENT AS TO PLEDGE)

Plaintiffs, John R. Smith, Louis Bogad, Sol Cooper, Ben Saltzman, Francis Schwartz, individually and as members of, unit owners in and

purchasers of Imperial Towers Condominium, on behalf of all other members, unit owners and purchasers, and Imperial Towers Condominium, Inc., sue the Defendants, Samuel T. Brown and Bess Brown, individually and as Trustees, and allege:

48. ·Plaintiffs reallege allegations 43 through 45, inclusive.

49. The parties have executed the "Pledge Agreement", a copy of which is attached hereto as Exhibit F to Plaintiffs' Exhibit D.

50. The parties are in doubt as to the validity of said Pledge Agreement and the obligations of the Plaintiffs, if any, under the Pledge Agreement for the reason that the individual and class Plaintiffs executed the Pledge Agreement, after they acquired a fee title to their respective apartments, in order to become members of the Plaintiff Association, in contravention of Article VI of the Declaration of Condominium and The Condominium Act.

51. It is Plaintiffs' position that as a result of the above-recited provision of the Declaration and The Condominium Act that the Defendants could not lawfully require the Plaintiffs to execute the Pledge Agreement and the execution thereof was done by mistake.

*Wherefore,* Plaintiffs pray:

A. That the Court declare that any and all Pledge Agreements executed by Plaintiffs be invalid and of no force and effect.

B. That the Court negate all documents, or parts thereof, which purport to give to the Defendants any lien rights or other rights in Plaintiffs' property inconsistent with the Court's declarations.

C. That the Plaintiffs have such other and further relief as this Court may deem proper in the premises.

## COUNT VIII
### (EQUITABLE RELIEF FROM UNCONSCIONABLE DOCUMENTS)

Plaintiffs, John R. Smith, Louis Bogad, Sol Cooper, Ben Saltzman, Francis Schwartz, individually and as members of, unit owners in and purchasers of Imperial Towers Condominium, on behalf of all other members, unit owners and purchasers, and Imperial Towers Condominium, Inc., sue the Defendants, Samuel T. Brown, Jack Steinberg, Roy. Myers, Bess Brown, Imperial Towers Development Corp., and Samuel T. Brown, d/b/a Sam Brown & Associates, Jack Steinberg and Roy Myers, d/b/a Roy Jack Dev. Co. a/k/a Roy Jack Construction Co., Inc., and Samuel T. Brown and Bess Brown, individually and as Trustees, and allege:

52. Plaintiffs reallege allegations 1 through 51, inclusive.

53. In addition to the above acts of the Defendants, Defendants also hide Defendants' actions from the Plaintiffs, among other ways, by:

A. Withholding the terms of the lease from the Plaintiffs, as reflected in paragraph 8 of Plaintiffs' Exhibit C-2.

B. Requiring Plaintiffs to accept, without any disclosure made by the Defendants, that the acts of the Defendants were proper, as reflected in Article XXVII of the Declaration of Condominium and Section 4 (1) of the By-Laws contained in Plaintiffs' Exhibit D.

54. At all times material, as is more fully shown by the above-recited documents, the Defendants were aware that the individual and class Plaintiffs had rights that the Defendants had a duty to protect, including such Plaintiffs' rights as members of the Plaintiff Association.

55. Defendants are merchants with respect to developing and selling condominiums and have not acted in good faith.

56. Plaintiffs are purchasers of consumer goods and are not learned in the use of the forms used by the Defendants.

57. Defendants took undue and unreasonable advantage of the Plaintiffs' lack of knowledge and understanding in securing Plaintiffs' execution and acceptance of the following unconscionable documents and parts of documents reflected in Plaintiffs' Exhibit D:

A. Ninety-Nine Year Lease.

B. Pledge Agreement.

C. Articles XIV and XXVII of the Declaration of Condominium.

D. Section 4 (1) of the By-Laws.

58. The parties have agreed pursuant to paragraph 5 of the Pledge Agreement, reflected in Plaintiffs' Exhibit D, that these documents and transactions are governed by the Uniform Commercial Code, and therefore Florida Statute Section 672.2-302 is applicable.

59. Alternatively, general principles of equity jurisprudence and public policy of the State of Florida are applicable.

*Wherefore,* Plaintiffs pray:

A. That the Court strike the above-cited documents and parts of documents as being void and of no force and effect.

B. That the Court make the Defendants account to the Plaintiffs for all sums due to the Plaintiffs as a result of Defendants' wrongful acts and that said sums be paid by the Defendants to the Plaintiffs.

C. That the Plaintiffs have such other and further relief as this Court may deem proper in the premises.

## COUNT IX
### (MISREPRESENTATIONS UNDER FLORIDA SECURITIES LAW)

Plaintiffs, John R. Smith, Louis Bogad, Sol Cooper, Ben Saltzman, Francis Schwartz, individually and as members of, unit owners in and purchasers of Imperial Towers Condominium, on behalf of all other members, unit owners and purchasers, and Imperial Tower Condominium, Inc., sue the Defendants, Samuel T. Brown, Jack Steinberg, Roy Myers, Bess Brown, Imperial Towers Development Corp., and Samuel T. Brown, d/b/a Sam Brown & Associates, Jack Steinberg and Roy Myers, d/b/a Roy Jack Dev. Co. a/k/a Roy Jack Construction Co., Inc., and Samuel T. Brown and Bess Brown, individually and as Trustees, and allege:

60. Plaintiffs reallege allegations 34 through 42 inclusive.

6. The Agreement referred to in allegation 26 and the documents disclosed in Plaintiffs' Exhibit D attached hereto constitute a security as defined in Florida Statutes Section 517.02(1).

62. A membership in Imperial Towers Condominium, Inc. is a stock or a certificate of interest or participation which constitutes a security as defined in Florida Statutes Section 517.02(1).

63. The above alleged acts of the Defendants constitute violations of Florida Statutes Section 517.301 (1) and (2).

64. Pursuant to Florida Statutes Section 517.23, the Plaintiffs are entitled to the civil remedies provided by the laws of the United States for the purchasers of securities in interstate commerce; to-wit: those remedies provided by Section 10 (b) of the Securities Act of 1934, 15 U.S.C. Section 78j (b).

65. Pursuant to Florida Statutes Section 517.25, this Court has the same jurisdiction as if this action was brought under the laws of the United States in connection with the sale of securities; to-wit: the jurisdiction to proceed with this action as a class action.

66. Plaintiffs have retained the undersigned law firm to prosecute this action.

*Wherefore,* Plaintiffs pray:

A. That compensatory and punitive damages be awarded from the Defendants in excess of the sum of Ten Thousand ($10,000.00) Dollars, together with the cost of this action and reasonable attorneys' fees.

B. The ninety-nine year. lease be reformed to contain the proper terms.

C. The Court grant such other relief as is deemed equitable and proper.

ATTORNEYS FOR PLAINTIFFS:
KATES & RESS,
7100 Sans Souci Boulevard
North Miami, Florida, 33161
        and
RUDEN, BARNETT, McCLOSKY, SCHUSTER & SCHMERER
900 N. E. 26th Avenue,
Fort Lauderdale, Florida, 33304

By *Henry M. Schmerer*